Rogers v. Russell.

W. H. ROGERS AND OTHERS, PLAINTIFFS IN ERROR, V. RUSSELL & CO., DEFENDANTS IN ERROR.

1. **Appeals from County Courts.** Appeals from the judgments of county courts are regulated by the law governing appeals from the judgments of justices of the peace.

3. ————. In all cases not otherwise specially provided for by law, either party may appeal from the final judgment of any justice of the peace, to the district court of the county where the judgment was rendered. Civil Code, sec. 1006.

2. **Final Judgment.** A judgment dismissing an action, and for costs in favor of the defendant, is a final judgment, and may be appealed from.

ERROR to the district court for Gage county. Tried below before WEAVER, J.

*W. H. Ashby*, for Plaintiff in error, cited *Irwin v. Croxton*, 3 Neb., 453. 3 Dallas, 321. 7 Cranch, 108. 9 Howard, 314. *French v. People*, 77 Ill., 537. 4 Neb., 569. 5 Neb., 567.

*Bush & Rickards*, for defendant in error, cited *Wilson v. Shorick*, 21 Iowa, 298. 3 W. L. M., 141. *Hathaway v. Jones*, 20 Ark., 109. *Riddle v. Yates*, 10 Neb., 510. *Nichols v. Hail*, 5 Neb.

LAKE, J.

The defendants in error were plaintiffs below, and commenced their action in the county court on two promissory notes given to them by the plaintiffs in error. That court, on motion of the plaintiffs in error, dismissed the action, and rendered judgment accordingly in their favor, from which Russell & Co. appealed to the district court.

In the district court the plaintiffs in error moved to dismiss the appeal "for the reason that the said cause was not tried in the court below," having been dismissed as above stated. This motion was overruled, leave taken to plead generally, but no further appearance being made on behalf of the plaintiffs in error, judgment on default of answer was rendered against them for the amount claimed by the petition. From that judgment this proceeding in error is prosecuted.

The only point made by the attorney for plaintiffs in error in his brief is, that an appeal did not lie from the county to the district court, and consequently that the latter court erred in overruling the motion to dismiss the appeal, and was itself without jurisdiction.

The judgment of the county court was not for costs merely, but was a dismissal of the action also. It was a final disposition of the case, and had no appeal been taken therefrom, it would have been a complete bar to another action on the notes. The cases cited by counsel, therefore, to the effect that an appeal from a judgment for costs merely will not lie, are not applicable.

Appeals from the judgments of county courts are regulated by the law governing appeals from the judgments of justices of the peace. Sec. 1,006 of the code of civil procedure provides that: "In all cases not otherwise specially provided for by law, either party may appeal from the final judgment of any justice of the peace to the district court of the county where the judgment was rendered."

The district court had jurisdiction therefore, and the judgment being in accord with the facts and prayer of the petition, is not erroneous, and must be sustained.

JUDGMENT AFFIRMED.