CRANS & HAZLETT, PLAINTIFFS IN ERROR, v. MAURICE F. CUNNINGHAM, DEFENDANT IN ERROR.

1.  **Replevin**: AFFIDAVIT MAY BE AMENDED.   An affidavit in replevin may be amended by leave of court at any time before the trial, or on the trial, where such amendment will be in furtherance of justice, but the court may impose the payment of reasonable costs as a condition of making the amendment.

2.  **Exemption.**   Property exempt from attachment execution may be claimed at any time before the sale.

ERROR to the district court for Clay county.   Tried below before WEAVER, J.

*Batty & Ragan,* for plaintiffs in error, cited: Thompson on Homestead, secs. 820, 821.   *Wallace v. Lawyer,* 54 Ind.,

509. *Bowman v. Smiley*, 31 Penn. State, 225. *McCluskey v. McNeely*, 8 Ill., 578. *Lindley v. Miller*, 67 Ill., 244. *Butt v. Green*, 29 Ohio State, 667. *Borland v. O'Neal*, 22 Cal., 504. *Bonnell v. Bowman*, 53 Ill., 460.

*B. F. Smith* and *John D. Hayes*, for defendant in error.

No brief on file.

MAXWELL, J.

The plaintiffs in error commenced an action by attachment against the defendant in error in the county court of Clay county, and a span of mules belonging to the defendant was taken under the order. The defendant thereupon brought an action of replevin in the district court of that county to recover possession of the property upon the ground that it was exempt from attachment or execution. On the trial of the cause a verdict was rendered in his favor, upon which judgment was rendered.

The plaintiffs assign as errors in this court: First, that the court erred in allowing the defendant to amend his affidavit for the replevin of the property; Second, that the court erred in permitting the defendant on the trial to file a second amended affidavit. The third, fourth, and fifth assignments, that the court erred in giving and refusing certain instructions, may be considered together.

Under the provisions of the code an affidavit in replevin may be amended by leave of court at any time before trial, or on the trial, where such amendment will be in furtherance of justice. The court may impose reasonable conditions as to costs, but should grant an amendment in all cases where the ends of justice will thereby be subserved. The first and second assignments therefore are not well taken.

The only material question presented by the instructions given and refused is, at what time must the exemption be

claimed.   There are a number of cases which hold that a party claiming property to be exempt must do so at the time the levy is made.   These cases seem to place a very narrow construction upon the law.   If the property levied upon is actually exempt and of such a character as the law declares shall not be subject to the payment of debts, does the mere failure of the debtor at the time of the levy to claim it as exempt divest it of that character and become a waiver of his rights?   If so, upon what principle?   The policy of the law is to protect the citizen, in order that the state may be preserved.   If the citizen is to be protected so that he may be enabled to discharge his duties to society and the state, he must have some means of livelihood left to him of which no creditor has a right to deprive him. If the mere silence of a debtor at the time a levy is made will deprive him and his family of the benefit of the exemption law, an officer with an attachment or execution, if he can obtain peaceable admission to the dwelling of the debtor, may levy upon every article belonging to the debtor and his family therein, and turn them into the street, and if the property was thereafter claimed as exempt by the debtor, the officer might answer, "You have waived your right, and the property is liable."   Surely such a construction cannot be upheld.   In many of the states it is held that an express waiver of exemption in a contract is nugatory as being against public policy.   *Curtis v. O'Brien*, 20 Iowa, 376.   *Troutman v. Gowing*, 16 Id., 415.   *Woodward v. Murry*, 18 *Johns.*, 400.   *Kneettle v. Newcomb*, 22 N. Y., 249.   *Gilman v. Williams*, 7 Wis., 329.   *Maxwell v. Reed*, Id., 582.   Under our statute exempt property may be claimed at any time before the sale. *Chesney v. Francisco*, 12 Neb., 626.

The judgment is clearly right, and is affirmed.

JUDGMENT AFFIRMED.