## WILLIAM FISCHER v. THOMAS BURCHALL.

[FILED JULY 11, 1889.]

1. **Replevin.** An action in replevin is to be tried on the facts as they existed when the action was brought, and the court should so instruct the jury.

2. **Instructions.** The testimony not being preserved in the record, the court cannot say that it was error to refuse certain instructions.

ERROR to the district court for Hayes county. Tried below before COCHRAN, J.

*J. Byron Jennings,* and *R. B. Likes,* for plaintiff in error, cited: Wells on Replevin, sec. 94; *Cassel v. Western Stage Co.,* 12 Ia., 48; *Kay v. Noll,* 20 Neb., 380.

*J. M. Lucas,* for defendant in error.

MAXWELL, J.

This is an action of replevin and on the trial judgment was rendered in favor of the defendant.

The plaintiff alleges in his petition that "he is the owner of and entitled to the immediate possession of the following described goods and chattels, to-wit:

"'One three-year-old cow, branded (S) on the left hip, of the value of thirty dollars;' that the said defendant wrongfully and unlawfully detained the said goods and chattels from the said plaintiff, and has detained the same as aforesaid for the space of one year, to plaintiff's damage in the sum of thirty dollars; that said goods were not taken in execution on any order or judgment against said plaintiff, or for the payment of any tax, fine, or amercement assessed against him or by virtue of any order of delivery

issued under the chapter of the Code of Civil Procedure, providing for the replevin of property, or on any other *mesne* or final process issued against the said plaintiff."

The answer is a general denial.

The court instructed the jury : "You are instructed that in order to entitle the plaintiff, William Fischer, to recover a verdict in his favor in this case it is incumbent upon him (Fischer, the plaintiff) to prove by a fair preponderance of the evidence that the plaintiff Fischer is the owner of the cow in dispute, or has such a special ownership or interest in the cow in dispute as to entitle him to its possession."

The plaintiff also asked the following instruction, which was refused :

"The statute of Nebraska, section 16, page 421, chapter 51, reads as follows : 'In all suits in law, or in equity, or in any criminal proceedings, when the title to any stock is involved, the brand on any animal shall be *prima facie* evidence of the ownership of the person whose brand it may be : *Provided,* That such brand has been duly recorded as provided by law. Proof of the right of any person to use said brand shall be made by a copy of the record of the same, certified by the county clerk of that county, or of any county in which the same is recorded, under the hand and seal of office of such clerk.'

"You are instructed by the court that if the brand of the plaintiff was and has been recorded in this county, before the institution of this suit, and that plaintiff's brand so recorded was at the said time on the cow in controversy and the brand A. J. Coons on the cow in controversy was not, and had not been recorded in this county, at the institution of this suit, then and in that event the burden of proof is on the defendant to show by a fair preponderance of the evidence that plaintiff is not the owner of said cow."

The instruction given by the court is clearly erroneous.

In *Kay v. Noll*, 20 Neb., 380, it was held in effect that the question presented was the right to the property at the commencement of the action, and proof is to be directed to the rigLts of the respective parties at that time. The plaintiff must file an affidavit showing, *First,* a description of the property claimed; *Second,* That the plaintiff is the owner thereof or has a special ownership therein and that he is entitled to the immediate possession of the property; *Third,* That it is wrongfully detained by the defendant; and *Fourth,* That it was not taken in execution on any order or judgment, except, etc. All these requirements have relation to the commencement of the action. In Wells on Replevin, sec. 791, the rule is stated as follows: "According to the general rule, the suit is tried on the state of facts as they existed at the commencement of the suit. This rule must prevail, unless there be some peculiar reasons existing to the contrary. Where the defendant justified as an officer, under an attachment, evidence to show that it was dissolved after the property was replevied was immaterial, as the rights of the parties depend upon the facts existing at the time the suit was begun. So in suit on bond, when the issue in replevin was title to the property, and that was found for the defendant, he was not allowed, in the suit upon the bond, to set up a subsequently acquired title as a defense. But this rule will not prevent the consideration of damages to the time of the judgment, as interest is computed on a note; neither will the court refuse to consider the rights of the defendant to a return at the time return is asked." The instruction, therefore, should have submitted the question of the right of the plaintiff to the immediate possession of the property when the action was brought, and as it failed to do so the judgment must be reversed.

Second — In regard to the instruction asked, as the evidence is not before us we cannot say that the court erred in refusing it.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other Judges concur.