H. E. BROWN v. GEORGE Z. WORK ET AL.

[FILED NOVEMBER 25, 1890.]

**Fraudulent Conveyances:** UNAUTHORIZED PREFERENCE OF CREDITORS. B. was the owner of a stock of goods valued at $4,200, and real estate valued at $1,500, and was indebted to ten creditors and firms to the amount of $5,000. The largest creditor was R., amounting to $1,800, not yet due. As security to R., B. delivered to him a mortgage on his real estate and a chattel mortgage of his entire personal property. In an attachment

proceeding brought by one of the other creditors, *held*, that the mortgages to R. constituted a fraudulent disposition of the property of B. (See *W. V. Morse & Co. v. J. F. Steinrod & Co.*, 29 Neb., 108.)

ERROR to the district court for Johnson county. Tried below before APPELGET, J.

*C. K. Chamberlain*, and *D. F. Osgood*, for plaintiff in. error, cited: Waples, Att. & Garn. [Ed. 1885], 56–7, and note 1; *Grimes v. Farrington*, 19 Neb., 45; *Deitrich v. Hutchinson*, 20 Id., 52; *Hunter v. Soward*, 15 Id., 215; *Thurber v. Sexauer*, Id., 541; *Steele v. Dodd*, 14 Id., 496; *Hilton v. Ross*, 9 Id., 409; Kerr, Fraud & Mistake, 384; *Clemens v. Brillhart*, 17 Neb., 335.

*S. P. Davidson*, contra, cited: *Holland v. Bank*, 22 Neb , 572, 583; *Rothell v. Grimes*, Id., 526, 531; *Mayer v. Zingre*, 18 Id., 458.

COBB, CH. J.

This cause comes up on error from the district court of Johnson county.

On the 18th of August, 1888, plaintiffs (who are defendants in error here) commenced an action in the district court for Johnson county against H. E. Brown, (the plaintiff in error here) to recover from him the sum of $420.60 and interest thereon. The same being due for goods and merchandise purchased from them by said Brown. At the time of commencing said action said plaintiffs filed an affidavit for an attachment against Brown and for garnishee process against one James D. Russell as garnishee. The two grounds alleged in the affidavit for attachment were:

First—Fraud practiced by said Brown in misrepresenting his financial standing in order to obtain the goods on credit; and,

Second—Averring that said Brown had sold and disposed of his property, or a large part of it, for the purpose of placing it beyond the reach of, and of cheating and defrauding, his creditors.

An order of attachment was issued and notice in garnishment was served upon Russell, and certain other property was attached. A motion was made by Brown to discharge the attachment, supported by affidavits, in which it was sought to controvert the allegations in the affidavit for attachment; and afterwards the plaintiffs filed additional affidavits sustaining the original affidavit and supporting the attachment. Upon these affidavits a hearing was had by the court after Russell, as garnishee, had answered as such, and his answer was also relied upon in support of the attachment by plaintiffs; and upon this hearing the court found that the preponderance of the proof sustained the attachment, and, therefore, the motion to discharge the same was overruled, to which said Brown excepted, and brings the cause to this court by petition in error.

Although stated differentially, there is, substantially, but one error assigned, that of the overruling the motion of the plaintiff in error to discharge the attachment, in the court below. The grounds of the motion were:

1. Because the facts stated in the affidavit were not sufficient to justify the order.

2. That the statements of fact were not true.

The substantial part of the affidavit was that " the defendant has obtained credit to said amount, and has been able to and did contract said debt by reason of fraudulently misrepresenting his financial standing, and by fraud said defendant has since, as affiant is informed, and avers the fact to be, sold and disposed of his property, or of a large part thereof, for the purpose of placing it beyond the reach of, and. of cheating and defrauding, his creditors."

Upon the trial the plaintiff offered this affidavit, and

those of W. H. Longmoor, and R. G. Work, in evidence. The defendant offered his own, and those of H E. Brown, D. F. Osgood, C. R. Chamberlain, and J. D. Russell. The salient facts proved by this evidence, and as to which there is little, if any, conflict are, that on August 8, 1888, the plaintiff in error was the owner of a stock of goods of about the value of $4,200, and of real property in the village of Elk Creek of from twelve to fifteen hundred dollars, and was indebted to the amount of about $4,000, $1,800 of which was owing to James D. Russell, or to the bank, of which he was manager, not then due; Brown having previously executed a chattel mortgage to Ella Longmoor upon a part of his stock of goods, or to all the groceries of his stock, to secure an indebtedness to her of $1,875, neither of which, the groceries or the debt, is included in the assets or liabilities of Brown, who executed and delivered to Russell, to secure his claim of $1,800, a mortgage of all his real estate, and also a chattel mortgage upon his entire stock of merchandise, both of which conveyed to Russell the entire property of Brown. The chattel mortgage provided that whenever the mortgagee should deem himself insecure of his debt he might take immediate possession of the property. These mortgages of Brown to Russell constitute one of the grounds set up, or so intended to be, for the attachment. And the evidence in the trial court fairly raised the question whether, or not, a debtor may execute a mortgage, or mortgages, to a creditor, or creditors, whose claims amount to less than one-third of the value of his property, and less than one-half of the entire debts owing by him, upon both his entire real and personal property, without being chargeable with fraud against other creditors who may be thereby left without other security, or any fund in the hands of the debtor for their payment other than the equities of his estate, if any.

This question was before the court and considered in the several cases of *Morse & Co. v. Steinrod & Co., Smith & Co.*

*v. The Same,* and *Farwell & Co. v. The Same,* 29 Neb., 108. These cases were consolidated, and, in the opinion, the court, by Judge MAXWELL, held that "A creditor may secure his own debt by taking adequate security, but he cannot cover up all of a debtor's property, so that other creditors cannot reach it, where such property greatly exceeds in value the amount of his claim. The law was never intended to permit a debtor to place a blanket mortgage on all his personal property to secure a debt of but a small portion of the value of such property, and thus prevent other creditors from appropriating the same to the payment of their claims. * * * Other creditors have rights in the premises which he must respect by limiting his security to a sufficient amount to satisfy his claim."

The case at bar comes quite within the principle of this opinion. Practically a small excess of security sufficient for accruing costs and expenses, accruing interest, and possibly for a depreciation in values would be justifiable, but where the excess of security is so great as to show either an utter disregard of the rights of other creditors, or a disposition to cut them off from an opportunity to secure their claims, subject of course to the preference which the law gives to superior vigilance and activity, the giving of security on the part of the debtor, and the taking of it by the creditor, with the knowledge of the existence of the claims of other creditors, actual or implied, must be held to be fraudulent as to them.

The first cause set up in the affidavit for attachment will not be further considered, as one sufficient ground will sustain the action, though there may be others relied upon by the plaintiff and not sustained. The judgment of the district court is

AFFIRMED.

THE other judges concur.