HENRY THOMPSON v. RICHARDSON DRUG CO.

[FILED JANUARY 5, 1892.]

Fraudulent Conveyances: A CHATTEL MORTGAGE executed by a debtor upon all his personal property, of a value greatly in excess of the debt secured, is fraudulent and void as to the unsecured creditors of the mortgagor.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

*Maule & Sloan,* for plaintiff in error.

*Montgomery & Montgomery,* and *Churchill, Jeffrey & Rich, contra.*

NORVAL, J.

This is an action in replevin brought by the defendant in error to recover possession of 197 pairs of spectacles and goggles, 190 purses, 24 pen-holders, 4 boxes of pens, 22 boxes of pencil leads, 13 albums, 4 toilet sets, 135 blank books, 15 library bound books, 1 glass show case, and 23 slates. The Richardson Drug Company claims the property under a chattel mortgage executed by one Josiah W. Grant. At the commencement of the suit Henry Thompson held the goods as constable, by virtue of the levy of an execution issued out of a justice court on a judgment in favor of David Wise & Co. against said Josiah W. Grant. There was a verdict in the court below for the plaintiff.

In June, 1888, one J. W. Grant was engaged in the drug business at Fairmont. So far as is known his property consisted of his stock of goods and store fixtures, which were of the value of about $3,000. At the time, Grant was largely indebted to his creditors. On June 20, 1888, he

went to Omaha and while there executed a chattel mortgage upon all of his stock in trade and fixtures, including the property in controversy, to the Richardson Drug Company, to secure the payment of $941.46, the mortgagor retaining possession of the property mortgaged and carrying on the business the same as he had previously done.   On the 23d of June he gave mortgages upon said property to Redhead, Norton, Lathrop & Co. for $231.20; Simeon Sawyer and John H. Welch, $400; and Winfield S. Dresser, $270.   On the 27th day of the same month the exclusive possession of the entire mortgaged property was given to the Richardson Drug Company, under a written agreement entered into between the mortgagor and the various mortgagees, by the terms of which the Richardson Drug Company was to sell the goods at retail for a period not less than sixty days, unless a customer should be found to purchase the same in bulk, and out of the net proceeds the mortgage of the Richardson Drug Company was to be first paid, and the remainder, if any, was to be applied in satisfaction of the other mortgages in the order of their priority.   Subsequently a portion of the goods, being those involved in this suit, were taken under the execution above mentioned.

In *Morse v. Steinrod*, 29 Neb., 108, it was held that a chattel mortgage executed by a debtor upon his entire personal property, of a value greatly in excess of the debt secured, is fraudulent and void as to the other creditors of the mortgagor.   The same rule was held and applied in *Brown v. Work*, 30 Neb., 800.

These decisions are decisive of the case at bar.   Here blanket mortgages were taken upon all the debtor's chattels, and so far as appears he owned no other property. The goods were three times the value of the debt due the Richardson Drug Company, and one-third greater than the aggregate amount of all the mortgages.   The transaction was in violation of the rights of the unsecured creditors of the mortgagor, and must be held fraudulent as to them.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.