KILPATRICK-KOCH DRY GOODS COMPANY v. STRAUSS, UHLMAN & GUTHMAN.

FILED SEPTEMBER 18, 1895.    No. 5951.

1. **Fraudulent Conveyances: CHATTEL MORTGAGES: EXCESS-IVE SECURITY.** The fact that a chattel mortgage covers property largely exceeding in value the amount of the debt secured raises no conclusive presumption of fraud as to creditors of the mortgagor. Such fact is at most evidence of fraud, to be given such consideration as it may be entitled to, in connection with the other circumstances surrounding the transaction involved.

2. **Replevin.** The rights of parties to an action of replevin under our practice must as a rule be determined by the facts as they existed at the time the action was commenced.

ERROR from the district court of Merrick county. Tried below before SULLIVAN, J.

*Montgomery, Charlton & Hall,* for plaintiff in error.

*Harwood, Ames & Pettis, contra.*

Post, J.

This was an action of replevin in the district court for Merrick county by the plaintiff in error against W. H. Crites, sheriff, who was, when the action was commenced, in possession of the property in controversy by virtue of two orders of attachment issued by the county court of said county in favor of the defendants Strauss, Uhlman & Guthman and against J. J. Gallogly. On trial to the court, a jury being waived, there was a finding and judgment for the defendants in error, who had in the meantime been substituted for the sheriff, and which judgment has been removed into this court for review upon the petition in error of the plaintiffs.

The facts out of which the controversy arose, so far as they are necessary to an understanding of the question presented, are as follows: For several years previous to December 2, 1889, James J. Gallogly was engaged in the business of a general merchant at Chapman, in Merrick county. On the day named, for the express consideration of $5,079.38, he executed in favor of his wife, Alice E. Gallogly, a chattel mortgage, whereby he conveyed to her his entire stock of merchandise, store fixtures, five horses, one carriage, and three sets of harness. On February 5, 1890, said mortgage was released and satisfied by the mortgagee in consideration of an absolute conveyance to her by her husband of all the mortgaged property. The last mentioned transaction was evidenced by a bill of sale in the usual form, which was filed for record on the day of its execution. Five days later, on February 10, Mrs. Gallogly, at the request of her husband, executed five separate chattel mortgages upon the said stock of merchandise and

store fixtures, to-wit: To the Kilpatrick-Koch Dry Goods Company, for $1,413.23; to Darrow & Logan, for $158.88; to Kirkendall, Jones & Co., for $574.23; to McCord, Brady & Co., for $1,909.23; and to the defendants Strauss, Uhlman & Guthman, for $1,128.29. Said mortgages were all given to secure the indebtedness of Gallogly, and each subject to those preceding it in the order above named. With the exception of the last mentioned mortgage, which was voluntarily executed by Gallogly without the knowledge or consent of defendants, they were all made at the solicitation of Mr. Kilpatrick, president of the plaintiff company, who immediately took possession of the property conveyed in the name of the several mortgagees. By agreement of the parties other than the defendants the plaintiff company proceeded to sell and dispose of the mortgaged property at private sale, and which continued without interruption until March 8, when the defendants, who had repudiated the mortgage in their favor, began two actions against Gallogly in the county court of Merrick county for the amount of the latter's indebtedness to them, and in which the orders of attachment above mentioned were issued. The property in controversy having been seized by the sheriff to satisfy the aforesaid orders of attachment, this action was instituted by the plaintiff for the purpose of asserting its right of possession under the several mortgages. The facts as found by the district court are as follows:

"1. That the bill of sale from Gallogly to Mrs. Gallogly was valid.

"2. That on February 10, 1890, for an adequate consideration paid by Gallogly, his wife joined him in conveying the stock of goods in question to the plaintiffs. This transaction was in substance and legal effect a surrender of the title to Gallogly and a transfer of the stock to him.

"3. The petition declares the giving of each mortgage to the several plaintiffs to be a separate and distinct transac-

tion. It should be so considered. The subsequent mortgages are strengthened by the prior ones, but the prior mortgages receive no reciprocal support from the subsequent mortgages.

"4. Each of the plaintiffs took excessive security for his claim.

"5. The mortgages of each of the plaintiffs are fraudulent and void by reason of the taking of such excessive security.

"6. From the sale of the goods described in the mortgages of the plaintiffs their claims have been filed fully paid, leaving a surplus more than sufficient to pay the amount due the defendants Strauss, Uhlman & Guthman.

"7. The goods in controversy have been sold and cannot be returned.

"8. The defendants Strauss, Uhlman & Guthman should have judgment for the amount of their claim, being $1,302, and the costs due on the orders in dispute.

"9. The court further finds that at the beginning of this suit the right of possession and the right of property of the goods and chattels in controversy herein were in the defendants, and that the said defendants were entitled to the possession of the same. To each and all of said findings the plaintiffs jointly and severally except, and said exceptions are allowed."

A motion for a new trial was interposed, in which the following grounds were alleged:

1. Errors of law occurring at the trial.

2. The findings and judgment are not sustained by the evidence.

3. The findings and judgment are contrary to law.

It is urged that the plaintiff has no standing in this court, for the reason that the assignments of the motion for a new trial are indefinite and that the findings assailed should have been specifically pointed out. It is, however, deemed unnecessary to examine that question, since the

judgment is, in our opinion, unsupported by the findings and therefore contrary to law. By the fourth and fifth findings we understand the district court to hold that the taking of excessive security is *per se* a fraud upon creditors, for which the mortgage will be held void as a matter of law, without regard to the motives of the parties. That conclusion, it must be confessed, is not without support in the opinions of this court. (See *Morse v. Steinrod*, 29 Neb., 108; *Brown v. Work*, 30 Neb., 800; *Thompson v. Richardson Drug Co.*, 33 Neb., 714.) But the cases cited, in so far as they assert the doctrine of the findings, are in evident conflict with our later decisions announced subsequent to the entry of the judgment here involved, which hold that the taking of security greatly in excess of the debt due is a matter of evidence only, to be given such consideration as it may be entitled to in view of all of the surrounding circumstances, in determining whether the transaction involved is fraudulent in full. (See *Kilpatrick-Koch Dry Goods Co. v. McPheely*, 37 Neb., 800; *Sherwin v. Gaghagen*, 39 Neb., 238; *Kilpatrick-Koch Dry Goods Co. v. Bremers*, 44 Neb., 863; *Grand Island Banking Co. v. Costello*, 45 Neb., 119.) It follows that the judgment cannot be sustained on the ground that the mortgages represented by the plaintiff are fraudulent as to creditors.

The only remaining question is the effect to be given the sixth finding, viz., that the money in plaintiff's hands, the proceeds of the mortgaged property after discharging the claims represented by it, is sufficient to satisfy the amount due defendant. It is contended on the authority of *Blue Valley Bank v. Bane*, 20 Neb., 295, that the finding mentioned will support the judgment, which is for the return of the property, or, in case a return cannot be had, for the amount of the defendants' claim, to-wit, $1,333.34. That contention, it is evident, rests upon an entire misconception of the doctrine of the case cited. From an examination of the concluding paragraph of the opinion it appears that

the judgment, in so far as it determined the question of the right of possession in favor of the plaintiff below, is affirmed, while the provision thereof in favor of the defendants for the recovery of the surplus in plaintiff's hands derived from the sale of the mortgaged property is reversed. The precise question involved was presented in *Gillespie v. Brown*, 16 Neb., 457, and determined adversely to the claim of defendants herein, and the doctrine of the last mentioned case is expressly approved in *Kay v. Noll*, 20 Neb., 380, and *Fischer v. Burchall*, 27 Neb., 245. In *Gillespie v. Brown* REESE, J., uses this language: "It is also claimed that the proof shows a surplus in the hands of the defendants in error, and if their mortgage be held valid, the plaintiff in error should by virtue of his levy have a lien on such surplus. That question cannot arise in this case. The contention is only for the possession of the property." The reasoning as well as the conclusion of the cases cited are decisive of the present controversy. It follows that the judgment must be reversed and the cause remanded for further proceedings in the district court.

REVERSED AND REMANDED.