## ORLANDO SWAIN V. HIRAM SAVAGE ET AL.

FILED SEPTEMBER 23, 1898. No. 9920.

1. **Replevin**: DISMISSAL: JURY TRIAL: FINAL ORDER. In an action of replevin the court determined that the writ was, in its inception, unauthorized and the court without jurisdiction, and rendered a judgment of dismissal of the plaintiff's action, coupled with an order to impanel a jury to inquire of the right of property and possession of defendants and their damages. *Held*, A final judgment in the action as to plaintiff.

2. ———: AFFIDAVIT: AMENDMENTS: RELATION. A petition or affidavit in replevin may be amended to make general statements more specific and more definite that which is indefinite, and such amendments may have relation back to the inception of the cause.

ERROR from the district court of Gage county. Tried below before LETTON, J. *Reversed.*

*George A. Murphy*, for plaintiff in error.

*E. O. Kretsinger* and *F. B. Sheldon*, contra.

HARRISON, C. J.

In this, an action of replevin, commenced in the county court of Gage county, the appraisal of the property, of which possession was taken under the writ, disclosed such a value thereof as determined that the cause was one for trial during a regular term of said court. As the result of a trial of the issues joined a judgment was ren-

dered, from which an appeal was perfected to the district court and a petition and affidavit were filed therein. The defendants filed an answer, and the plaintiff a reply. During the progress of a trial the plaintiff asked leave to amend the petition and affidavit, which was granted, and the cause was continued. The defendants filed an answer to the amended petition, to which answer there was, for the plaintiff, a reply. Subsequent to such joinder of the issues on the merits, the defendants filed a motion to quash the writ of replevin issued by the county judge and to be allowed to prove the value of the property which had been taken by virtue of the writ and the value of their interests therein, and for judgment in their favor for such amounts and costs. The ground of the motion was that the county judge had no jurisdiction to issue the writ for the reason that no sufficient affidavit or petition had been filed with him prior to the issuance of the process. The motion was sustained by the district court and it was adjudged that the writ be quashed, the plaintiff's action dismissed, and defendants allowed to have a jury impaneled to inquire of the defendants' right of property and possession; also to assess such damages for defendants as might be determined right and proper. The plaintiff presents the case here by petition in error. In this court the defendants have moved a dismissal of the petition in error on the ground that there has been no final order or judgment in the action in the district court.

A judgment or final order of the district court may be reversed, vacated, or modified by this court for errors which appear of record. (Code of Civil Procedure, sec. 582.) The judgment herein dismissed the plaintiff's suit. He was no longer an actor. The case for him was ended. He could obtain no relief. This was a final determination of the action relative to him and his rights which he sought to assert, and error in his behalf would lie. (*Harman v. Barhydt*, 20 Neb. 625; *Rogers v. Russell*, 11 Neb. 361; *Belt v. Davis*, 1 Cal. 138; *Weston v. Charleston*. 2 Pet. [U. S.] 449; *Jewell v. Lamoreaux*, 30 Mich. 155; 2

Ency. Pl. & Pr. 52; *Evans v. Dunn*, 26 O. St. 444.) The motion to dismiss the error proceeding must be overruled.

This brings us to the inquiry in respect to the propriety of the trial court's action on the motion to quash the writ issued by the county court. The attack on the process, it will doubtless be remembered, was based on the insufficiency of the affidavit filed with the county judge at the inception of this suit. It is provided in our Code of Civil Procedure that prior to the issuance of a writ of replevin by the officer charged by law with such duty there shall be filed in his office an affidavit of the plaintiff, his agent, or attorney in which there shall be stated: "First—A description of the property claimed. Second —That the plaintiff is the owner of the property, or has a special ownership or interest therein, stating the facts in relation thereto, and that he is entitled to the immediate possession of the same." (Code of Civil Procedure, sec. 182.) In the case at bar the replevin affidavit which was filed with the county judge was not in the record in the district court, is said to have been lost or mislaid, and for its statements the district court had the recollections of certain parties as embodied in affidavits, also the transcript of the docket entry of the county court; and we have for examination the same information. It is urged in argument for the plaintiff in error that the petition and affidavit filed in the county court were not wholly insufficient in statements, the amendments made in the district court were allowable, and gave to them the force and effectiveness which they lacked, if any. It appears from the record that, in county court, the pleadings filed for plaintiff asserted in general terms his special ownership of the property in litigation, and further set forth that this right to the property was by virtue of ownership of a chattel mortgage executed and delivered, on a certain date, to George A. Murphy, and assigned to the plaintiff; further that he was entitled to the immediate possession of the property. There were other allegations descriptive of the property, and such

as are usual and requisite in pleadings of the kind, none of which are drawn in question except those relative to the special ownership of the property by plaintiff, in which it is claimed for defendants there were such omissions of statements of essentials as constituted the pleadings fatally defective, consequently the county judge was not authorized to issue the writ, and the county court was without jurisdiction over the property or subject-matter of the controversy, and the district court gained none by the appeal. That the petition or affidavit in replevin may be amended is too well settled to require argument or citation of authorities to support the proposition. It is also true that the idea of an amendment suggests and carries with it elemental thereof that there is something existent to which more will be added.

The statements on the subjects now particularly under consideration in the pleadings in the county court were broad and general, and some partook in their nature of conclusions, and they were probably in some respects incomplete and unsatisfactory, but they were comprehensive of the necessary elements. There were general statements of matters to which other and further might be added to render them specific and complete. In short, they were amendable and were not fatally defective and without force, and the writ issued by the county judge was not wholly unauthorized and void. (*Lewis v. Connolly*, 29 Neb. 222; *Crans v. Cunningham*, 13 Neb. 204; *Commercial State Bank of Crawford v. Ketcham*, 46 Neb. 568; *Wilson v. Macklin*, 7 Neb. 50; *Williams v. Gardner*, 22 Kan. 122; *Meyer Bros. v. Lane*, 40 Kan. 491.)

The plaintiff applied for, was granted leave, and made the amendments prior to any objections to the pleadings. The amendments were properly allowed and the defects, if any, were cured.

There are other points raised and presented, but their discussion is not necessary. The judgment of the district court was erroneous and must be reversed.

REVERSED AND REMANDED.