REVERSED AND REMANDED.

## MATHIAS WEICH ET AL. V. JAMES MILLIKEN.

FILED DECEMBER 8, 1898. No. 8438.

**Replevin: APPEAL FROM COUNTY COURT: PLEADINGS IN DISTRICT COURT: AMENDMENTS.** Where a party, having a special ownership of, or interest in, personal property, replevied it in a county court upon allegations of a right of present possession based upon alleged general ownership, and the proofs upon the trial in that court, without objection to relevancy, disclosed the nature of plaintiff's real interest, *held* erroneous in the district court, after appeal, to refuse to permit the filing of an amended petition showing the true nature of the ownership or special interest of plaintiff. Following *Swain v. Savage*, 55 Neb. 687.

ERROR from the district court of Dodge county. Tried below before MARSHALL, J. *Reversed.*

C. *Hollenbeck* and E. F. *Gray*, for plaintiffs in error.

J. E. *Frick* and George L. *Loomis*, contra.

RYAN, C.

In their affidavit and bill of particulars in the county court of Dodge county plaintiffs alleged that they were the owners of certain property and entitled to the immediate possession thereof. There were also averments that the property was not taken in execution, etc., as required by statute; but, as no question arises on these, they need not be further set out or described. There was a judgment for the defendant, and plaintiffs appealed to the district court, wherein they filed a petition containing the same averments as had been made in the county court. To this petition there was filed an answer in denial. When the time arrived for the trial of this case in the district court, but before a jury had been called, impaneled, or sworn, plaintiffs filed and presented a motion asking leave to amend their petition by changing the allegation of general ownership to an allegation of special ownership and interest in the property replevied, and in the amended petition tendered with the said motion it was alleged that the special ownership and interest of plaintiffs in said property was that on or about August 15, 1889, John H. Godel was appointed guardian of certain minors, and plaintiffs became sureties on his bond, and that the said Godel, to indemnify plaintiffs as his said sureties, executed and delivered to plaintiffs an absolute bill of sale of the property in controversy; that said property was wrongfully detained by James Milliken and was not taken on execution or upon any order or judgment against plaintiffs, etc. There was at the close of the amended petition tendered by the motion a prayer for the possession of the property in controversy, and for damages for the wrongful detention thereof. The motion was overruled, to which ruling plaintiffs excepted. On the trial the district court, consistently with its view of the law as evidenced by its denial of the right of amendment, instructed the jury to find for the defendant, and this was accordingly done. For the re-

versal of the judgment rendered upon the verdict adverse to them plaintiffs have prosecuted these error proceedings.

In the county court the action was instituted as one for the possession of certain personal property. By his affidavit one of the attorneys for plaintiffs made an uncontradicted showing in the district court that proof of the facts entitling plaintiffs to a special interest in the replevied property had been made in the county without objection to its relevancy. It must therefore be accepted as true that not only was the issue one as to the right of possession alone, but that in the county court the defendant was fully advised of the nature of the special ownership or interest upon which plaintiffs based their right of possession. The question litigated in the county court was, therefore, the right of possession, and in the district court the motion was for leave to show this right, predicated upon an ownership or interest more restricted than had been pleaded in the county court, though its nature had been disclosed, without objection, by the proofs.

The case of *Swain v. Savage*, 55 Neb. 687 was commenced in the county court of Gage county. The appraisal disclosed such value of the property replevied that the issues were triable during a regular term of said court. A judgment having been rendered, an appeal was taken to the district court, wherein a petition and affidavit were filed, followed by an answer and a reply. After the filing of an amended petition, affidavit, answer, and reply, the defendant filed a motion to quash the writ of replevin which had been issued by the county judge, and to be allowed to prove the value of the property taken under said writ and for judgment for such value and costs. The ground of the motion was that the county judge had no jurisdiction to issue the writ, because no sufficient affidavit or petition had been filed prior to the issue of the writ. This motion was sustained by the district court. The defect in the affidavit

and petition in the county court, thus challenged, were averments in general terms by plaintiff of his special ownership of the subject-matter of the action, and that the right of ownership was by virtue of the ownership of a chattel mortgage therein described and that plaintiff was entitled to the immediate possession of said property. In the opinion filed as above stated the insufficiency of the petition in its statements of facts with relation to plaintiff's special ownership to meet the requirements of section 182, Code of Civil Procedure, was not questioned, but it was held that the amendment of the petition and affidavit in the district court had met the objections urged to the original petition and answer; that such amendment was proper in the district court and cured the defects complained of, and that, therefore, there was error in sustaining the motion of the defendant, and the judgment of the district court was therefore reversed. The case just summarized is decisive of the one now under consideration, and accordingly, herein, the judgment of the district court is reversed.

REVERSED AND REMANDED.