WILLIAM TACKABERRY & COMPANY ET AL. V. GILMORE & RUHL ET AL.

FILED JANUARY 19, 1899. No. 8605.

1. **Fraudulent Conveyances: INSOLVENCY: PREFERRING CREDITORS.** The right of a debtor in failing circumstances to prefer some of his creditors is subject only to the limitation that the transaction resulting in the preference must be an honest one, and not designed to hinder, delay, or defraud other creditors.

2. ———: **INTENT.** The character of a transaction by which a creditor obtains security from an insolvent debtor depends upon the motives of the parties thereto.

3. ———: ———: **EVIDENCE.** Fraudulent intent is not deduced, in such case, as an indisputable presumption from the taking of excessive security. The question is one of fact, and mere disparity between the value of the security and the debt secured is a circumstance to be considered by the court or jury and given such weight as it may deserve.

4. **Replevin: ISSUES: EVIDENCE.** In actions of replevin the vital question for decision is the right of possession of the property in dispute at the time the action was commenced; and, ordinarily, the issue is to be determined on the facts as they existed when the suit was instituted.

5. **Chattel Mortgage: LIEN: FORECLOSURE.** The lien of a chattel mortgage is not divested, nor the mortgagee's right of possession impaired, by any mere irregularity in the manner of conducting the foreclosure sale.

6. **Replevin: AMENDMENT OF PETITION: REFEREE.** A petition in an action of replevin may be amended by alleging a special instead of a general ownership of the property in litigation. Such an amendment may be permitted by a referee to whom the case is, by consent, referred with power to pass upon all questions of law and fact involved in the action.

7. ———: **AMENDMENT OF AFFIDAVIT.** The replevin affidavit may be amended to conform to the allegation of ownership contained in the petition. Such amendment may be allowed by the court while the issues formed by the pleadings are being tried before a referee.

ERROR from the district court of Dakota county. Tried below before NORRIS, J. *Affirmed.*

*W. E. Gantt*, for plaintiffs in error.

*John T. Spencer, George Conway*, and *Jay & Welty*, contra.

SULLIVAN, J.

On November 22, 1892, Joseph Smith, a retail merchant of Dakota county, made and delivered to Gilmore & Ruhl a chattel mortgage on his entire stock of merchandise to secure an antecedent indebtedness amounting to $1,150. Afterwards, on the same day, he executed other mortgages covering the same property, one being to the Homer State Bank to secure a claim of $100, one to Arthur Sherlock for $250, and one to S. A. Combs for $275. On the following day another mortgage was given by Smith to H. A. Jandt to secure a pre-existing indebtedness amounting to $1,525. These several mortgages were filed in the office of the county clerk of the proper county, and the mortgagees, by John E. Kavanaugh, their duly constituted representative, took immediate possession of the mortgaged property and, pursuant to an agreement with the mortgagor, proceeded to sell the same at private sale. Each mortgage, except the one to Gilmore & Ruhl, was, in express terms, subject to prior liens. On November 25, 1892, the whole of the property in possession of Kavanaugh, as agent of the mortgagees, was seized by W. H. Ryan, as sheriff of said county, under an order of attachment issued in an action brought by William Tackaberry & Co. against Smith in the district court. Gilmore & Ruhl thereupon commenced this action of replevin and, under an order of delivery issued therein, again obtained possession of the mortgaged property. The subsequent mortgagees became parties to the suit by intervention. By agreement between the litigants the cause was tried to a referee, upon whose findings judgment was rendered against the defendants. The petition in error contains thirty-four assignments, but we will notice only those relied on in the brief of counsel for defendants.

The first contention is that the disproportion between the amount of plaintiffs' claim and the value of the property covered by their mortgage is so great as to render the mortgage fraudulent and void. According to the finding of the referee, which is amply sustained by the evidence, the value of Smith's stock of merchandise on November 22 was $2,370.15, or about twice the amount of plaintiffs' claim. This disparity between the security and the debt secured was not of itself sufficient to invalidate the mortgage. The right of a debtor in failing circumstances to pay or secure some of his creditors to the exclusion and prejudice of others cannot be doubted. The right is, of course, subject to the limitation that the transaction must be an honest one, and not designed to hinder, delay, or defraud other creditors. The motive of the parties is in all such cases the controlling consideration. Fraudulent intent does not result as an indisputable presumption from the taking of excessive security. It is a conclusion of fact to be deduced from the evidence given on the trial. Section 20, chapter 32, Compiled Statutes 1897, declares: "The question of fraudulent intent in all cases arising under the provisions of this chapter shall be deemed a question of fact, and not of law." In the case of *Kilpatrick-Koch Dry Goods Co. v. McPheeley*, 37 Neb. 800, it was said: "We are not prepared to say that a mortgage would be fraudulent solely because the value of the property mortgaged was two, or even three, times greater than the debt. Whether it would be, would be a question of fact for the jury or trial court." Other cases in which it was held that excessive security is not conclusive evidence of fraud, but only a circumstance to be considered for what it may be worth by the trier of fact, are: *Sherwin v. Gaghagen*, 39 Neb. 238; *Kilpatrick-Koch Dry Goods Co. v. Bremers*, 44 Neb. 863; *Grand Island Banking Co. v. Costello*, 45 Neb. 119; *Kilpatrick-Koch Dry Goods Co. v. Strauss*, 45 Neb. 793. As it is not claimed that there was any evidence of fraud other than the fact of excessive security, we think

the referee was clearly right in his conclusion that the mortgage to Gilmore & Ruhl was a valid instrument.

It is next insisted that all the proceedings in the foreclosure of the mortgages were void for want of conformity with the provision of the statute requiring a notice of the sale to be published or posted for a period of twenty days. We neither perceive the relevancy of this proposition nor concede its soundness. It must be remembered that this was an action of replevin. The main question to be decided—the question to which all others were subordinate and incidental—was the right of possession of the property at the time the action was commenced. That issue was to be determined on the facts as they existed at the beginning of the suit. (*Gillespie v. Brown*, 16 Neb. 457; *Kay v. Noll*, 20 Neb. 380; *Fischer v. Burchall*, 27 Neb. 245; *Kilpatrick-Koch Dry Goods Co. v. Strauss, supra.*) The mortgages being valid, they vested in the plaintiffs and interveners a right of possession which could not be lost by any mere irregularity in the manner of conducting the sale. Besides, the defendants, having no lien on the property at the time the agreement was made to waive the statutory notice of sale, are not in a position to question the validity and effectiveness of that agreement. As general creditors of Smith they could not assert a right in the property which he had previously, and in good faith, surrendered to other creditors.

Another complaint of the defendants is based on the action of the referee in permitting the plaintiffs to amend their petition by alleging a special instead of a general ownership of the property. That such an amendment was proper is settled by the cases of *Swain v. Savage*, 55 Neb. 687, and *Weich v. Milliken*, 57 Neb. 86; and that the referee had power to authorize it appears from the fact shown by the record that he was, with defendants' consent, "empowered to pass upon the questions of fact and of law, and to pass upon all questions involved in said case the same as though said case was tried by the court."

A final objection to the judgment is grounded on the fact that the court permitted an amendment of the affidavit in replevin while the cause was pending before the referee. The first report of the referee was not confirmed, and a second reference was ordered to try the issues presented by the pleadings then on file. Afterwards the court permitted an amendment of the affidavit to conform to the allegation of ownership contained in the amended petition. The propriety of the amendment cannot be doubted, and neither can there be any serious question touching the authority of the court to permit it to be made. The referee under the second order of reference was only given power to determine the issues presented by the pleadings. He had nothing to do with the affidavit, and it did not concern him whether one had ever been filed. The case was before the court for all purposes not included in the order of reference. It had, therefore, the right to grant leave to amend the affidavit. How the amendment operated against defendants has not been suggested by counsel, and does not, upon reflection, occur to us. The case was tried upon the averments of the petition and not upon those of the affidavit. The judgment is

AFFIRMED.