THE SMITH-FRAZER BOOT AND SHOE COMPANY v. F. J. DERSE.

1. ACTION—*Dismissal.* The dismissal of a civil action in the district court is in the nature of a judgment, and necessarily requires an order of the court therefor. (*Allen v. Dodson,* 39 Kas. 220.)

2. ATTACHMENT—*Sufficient Ground for Discharge.* Where there is another action pending between the same parties for the same cause, in which an order of attachment has been issued and the property of the defendant levied upon, such pending action and attachment proceedings are sufficient grounds for a district judge to discharge an attachment issued in a subsequent action, brought by the same plaintiff against the same defendant upon the same cause of action.

3. ——— *Defendant May File Motion to Discharge.* The defendant may, at any time before judgment, upon reasonable notice to the plaintiff, move to discharge an attachment, as to the whole or part of the property attached; and the fact that the defendant has executed chattel mortgages upon the attached property does not bar or estop him from filing his motion to discharge.

*Error from Cloud District Court.*

THE opinion states the case.

*W. D. Hilton,* for plaintiff in error.

*W. T. Dillon,* and *Van Natta & Close,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 24th of June, 1886, the Smith-Frazer Boot and Shoe Co. commenced its action against F. J. Derse, in the district court of Republic county, to recover $543.85 upon an account for goods sold and delivered to the defendant. At the commencement of the action a summons was issued and an order of attachment obtained against the property of the defendant upon an affidavit and undertaking filed therefor. On the 19th day of August, 1886, the plaintiff attempted to dismiss its action without prejudice, and on August 20, 1886, commenced another action against the defendant in the district court of Cloud county, to recover upon the same

account.   An order of attachment was also issued in this ac-
tion directed to the sheriff of Republic county.   Under the
order, he levied upon and took into his possession a stock of
boots and shoes in Belleville, as the property of the defendant.
On the 16th day of October, 1886, the defendant presented
his motion to the district judge of Cloud county, for a dis-
charge of the attachment: 1st, alleging that the grounds set
forth in the affidavit for the attachment were untrue; 2d,
because another action was pending in the district court of
Republic county, between the same parties and upon the same
cause of action.   This motion was heard on the 18th of Octo-
ber, 1886, by the district judge at chambers.   After hearing
the evidence and the argumemts of the attorneys, the district
judge discharged the order of attachment.   To this ruling the
plaintiff excepted, and brings the case here.

All the papers and records in the case, commenced on June
24th, in Republic county, were introduced in evidence upon
the hearing of the motion, and are referred to in the transcript
filed in this court, but copies of these papers are not embraced
in the transcript.   An action may be dismissed by the plain-
tiff without prejudice to a future action, at any time before the
final submission of the case to the jury or the
court; but as the dismissal is in the nature of a
judgment, it must necessarily require an order of the court,
and cannot be accomplished by a mere act of the plaintiff alone.
(*Allen v. Dodson*, 39 Kas. 220; *Brown v. Mining Co.*, 32 id.
528; *Oberlander v. Confrey*, 38 id. 462.)   The transcript does
not show that any judgment of dismissal was entered; there-
fore, at the time the motion was heard, there was another cause
pending between the same parties for the same cause in Re-
public county, in which an order of attachment had been issued
against the property of the defendant.   There is nothing ap-
pearing in the record showing or tending to show any reason
or necessity for the commencement of the subse-
quent action on the 19th of August, 1886.   Under
the circumstances, the district judge had full au-
thority to discharge the attachment commenced in Cloud

county. (Civil Code, § 89, subdiv. 3.) Before a second action was commenced, and an attachment issued therein, the prior action should have been disposed of by some judicial act. An abuse of judicial process will not be tolerated in any court of justice. Where an action is pending between the same parties, in which an attachment is issued, it will be oppressive, and therefore an abuse of judicial process, to hold that the plaintiff might institute a second action for the same cause, and obtain another order of attachment, thus multiplying and increasing costs and expenses without any reasonable excuse.

It is claimed, however, that the defendant was not a proper party to move for a discharge of the order of attachment issued against him, because he had executed chattel mortgages to several parties upon the property seized under the attachment. These chattel mortgages were executed to secure debts only, and therefore it cannot be said that he had no interest in the property seized. It is not alleged that the property attached did not belong to the defendant, but on the other hand it was seized as his property. Section 228, civil code, reads: "The defendant may, at any time before judgment, upon reasonable notice to the plaintiff, move to discharge an attachment, as to the whole or part of the property attached." The defendant in this case has simply followed the provisions of the statute. We need not refer at length to the decisions cited from Michigan, because the defendant has not made an assignment and transfer of all his property, within the provisions of the statute, for the benefit of his creditors. It is doubtful, in view of the provisions of the statute, whether this court would be inclined to follow *Chandler v. Nash*, 5 Mich. 409; and *Price v. Reed*, 20 id. 72. If the defendant, as between himself and the plaintiff, is entitled to a discharge of the attachment sued out against him, he ought to be permitted, in all cases, to file his motion therefor.

3. Defendant may file motion to discharge.

The order of the district court discharging the attachment will be affirmed.

In the cases of C. W. NOYES, M. S. NORMAN and J. M.

KEMPLER, partners as Noyes, Norman & Co., *v.* F. J. DERSE, No. 4804, and WILLIAM W. KENDALL and CHARLES F. EMERY, partners as Wm. W. Kendall & Co., *v.* F. J. DERSE, No. 4805, the same questions are involved as are decided in the foregoing opinion; and upon the authority of the above case the order of the district judge, discharging the attachment in those cases, will also be affirmed.

All the Justices concurring.