WILLIAM E. HOSEA *et al.* v. J. W. McCLURE *et al.*

| 42 | 403 |
| 42 | 408 |
| 42 | 403 |
| 45 | 59 |
| 42 | 403 |
| 47 | 597 |
| 42 | 403 |
| 53 | 77 |

1. PROMISSORY NOTE — *Action — Unauthorized Attachment.* In an action on a promissory note, the filing of an answer by the defendant, admitting the execution of the note, but alleging that the note had been paid, when in fact it had never been paid, is not sufficient, of itself, to authorize the plaintiff to procure an order of attachment.

2. CHATTEL MORTGAGE — *Attachment Against Property of Mortgagor, Unauthorized.* The execution of a chattel mortgage to various creditors to secure preëxisting debts, is not sufficient to authorize another creditor, who had no security, to procure an order of attachment against the property of the mortgagor.

3. ATTACHMENT — *Interest of Mortgagor, When Sufficient to Procure Dissolution.* Where a debtor executes a chattel mortgage to secure a debt, and the mortgagor is permitted to retain the possession of the property, and afterward a third person, in an action against the mortgagor, procures an order of attachment to be levied upon the mortgaged property as the property of the mortgagor, *held,* that the mortgagor has such an interest in the property that he may procure the dissolution of the attachment upon the ground that the grounds set forth in the plaintiff's affidavit for the attachment are untrue and false, where such is in fact the case.

*Error from Allen District Court.*

PETITION in error to review an order dissolving an attachment. The opinion states the facts.

*Knight & Foust,* for plaintiffs in error.

*Benton & Scott,* and *H. A. Ewing,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question involved in this case is whether the judge of the district court of Allen county, at

chambers, erred or not in dissolving an attachment. The facts of the case appear to be substantially as follows: On August 5, 1886, the defendants, J. W. McClure and William H. McClure, who were merchants doing business under the firm-name of McClure Bros., in the city of Iola, Allen county, and the city of El Dorado, Butler county, were in an embarrassed condition financially, and by agreement with their creditors the time for the payment of their debts was extended as follows: They gave to each of their creditors three promissory notes, each for one third of the debt due such creditor, due in three, six and nine months. The notes were payable at El Dorado, and were placed in the hands of A. L. Redden of that place, who was to collect the same and pay the amount thereof over to the creditors, and the defendants were to continue in their business, paying to Redden all the money that could be spared from their business. At that time the defendants were owing the plaintiffs $1,479.78, and each note was for $493.26, the first payable on November 5, 1886, the second payable on February 5, 1887, and the third payable on May 5, 1887. The first note was paid by Redden at the time it became due. The second note was not paid when it became due, for the reason that Redden did not have a sufficient amount of money belonging to the defendants with which to pay the same. He had received from the defendants enough to pay all the creditors about 35 per cent. of their second notes, which were then due. He immediately notified all the creditors of these facts, and asked for a further extension of time for payment. Nearly all the creditors agreed to such further extension of time, but the plaintiffs refused to do so. The plaintiffs then withdrew their notes from Redden, and on February 23, 1887, commenced this action in the district court of Allen county against the defendants, upon the second promissory note; or, in other words, the one due on February 5, 1887. On the same day the plaintiffs filed an affidavit for garnishment, for the purpose of garnishing Redden. On March 15, 1887, the garnishment proceedings as to Redden were discharged and vacated by order of the

judge of the district court, at chambers. On March 19, 1887, Redden was appointed judge of the twenty-sixth judicial district, and ceased to further act as the trustee of the parties. On March 25, 1887, the defendants filed their answer admitting the execution of the note sued on, but alleging that it was paid. On April 20, 1887, the defendants executed a chattel mortgage on all their goods to Thomas K. Hanna & Co. and others of their creditors, not, however, including the plaintiffs, to secure the amount of $9,318.30. On April 23, 1887, the plaintiffs procured an order of attachment in this case upon the following grounds, as stated in their affidavit, to wit:

"That said defendants, J. W. McClure and Wm. H. McClure, are about to convert their property, or a part thereof, into money, for the purpose of placing it beyond the reach of their creditors, and have property and rights in action which they conceal, and are about to assign, remove and dispose of their property, or a part thereof, with the intent to defraud, hinder and delay their creditors, and fraudulently contracted the debt and incurred the liability and obligation for which the above-named suit has been brought."

Immediately afterward the aforesaid order of attachment was levied upon the defendants' goods as their property, and immediately afterward the goods were replevied by Thomas K. Hanna & Co., and were permitted to remain in the hands of the defendants. On April 26, 1887, the defendants executed a second chattel mortgage upon their goods to others of their creditors, not including the plaintiffs, to secure the sum of $5,686.06; and they also about the same time executed a real-estate mortgage to secure still other debts to others of their creditors, not including the plaintiffs.

On May 13, 1887, the defendants filed a motion to dissolve the attachment, the principal grounds for such dissolution being that the grounds set forth by the plaintiffs in their affidavit for their order of attachment were not true; and on May 14, 1887, the defendants filed an affidavit sustaining their motion, and setting forth that the grounds set forth in the plaintiffs' aforesaid affidavit for their order of attachment

were wholly untrue and false. The motion to dissolve the attachment was heard by the judge of the district court at chambers upon the evidence, on June 8, 1887, and the judge decided the motion on June 10, 1887, finding "that the grounds laid for said attachment in plaintiffs' affidavit are not true, and that said attachment was issued wrongfully, and without right or authority of law," and he dissolved the attachment; and the plaintiffs have brought the case to this court for review.

I. The plaintiffs claim that the defendants' motion to dissolve the attachment should have been overruled, and the attachment sustained, for the reason that the defendants filed a false answer setting forth that they had paid the note sued on, when in fact they had not done so. And this claim was made upon the further claim that the filing of such false answer tended to hinder and delay these plaintiffs in the collection of their debt. Of course the filing of a false answer, when it is known to be false, is an inexcusable wrong, but it is not every wrongful act on the part of a debtor, operating to hinder or delay a creditor in the collection of his debt, that will authorize or sustain an attachment. The hindering or delaying of a creditor in the collection of his debt must, in order to be sufficient to authorize or uphold an attachment, be in some manner connected with the disposition of the debtor's property, as by his assigning it, or removing it, or disposing of it in some other manner, or by his being about to so dispose of it or some part thereof with the intent to hinder or delay his creditors. (*Tootle v. Coldwell,* 30 Kas. 125; Civil Code, § 190.) In this case there was no attempt or intent on the part of the defendants to in any manner dispose of their property, except for the laudable purpose of paying their debts or of securing their payment.

II. It is also claimed by the plaintiffs that the attachment ought to be sustained on the ground that the defendants executed the aforesaid chattel mortgages. This is certainly not a sufficient ground for an attachment, for these chattel mortgages were executed in the best of faith and to secure a large proportion of the defendants' creditors, and not with any intent

to defraud any of them. (*Tootle v. Coldwell*, supra.)   But in this connection it is claimed that the defendants violated their agreement to use their property only for the benefit of all their creditors, and this by selling the same and depositing the proceeds thereof with Redden.   The fact however is, that the plaintiffs themselves were the first to violate this contract, and this long before any chattel mortgage was executed.   They withdrew their notes from Redden and commenced this action on one of such notes long before that time; and commenced garnishment proceedings against Redden for the purpose of taking away from him and from the other creditors an amount of money sufficient to pay their own note—the one sued on —although by the agreement the money in Redden's hands was to be used for the benefit of all the creditors, and although at that time there was only money enough in Redden's hands to pay about 35 per cent. of the amount then due the creditors.

III. The plaintiffs further claim that the judge of the court below erred in dissolving the attachment, for the reason that the chattel mortgages conveyed the property away from the defendants to Thomas K. Hanna & Co. and other creditors of the defendants, and therefore that the defendants had no sufficient interest in the property to authorize them to make a motion to dissolve the attachment.   The defendants, however, continuously had the possession of the property from the first, and continued to dispose of the same for the purpose of paying their debts, and this up to the time when the motion to dissolve the attachment was heard; and all this was with the consent of Thomas K. Hanna & Co. and the other mortgagees; and besides, the plaintiffs have no reason to complain of the order of the judge as to the property, for their entire attachment was vacated and dissolved, and they therefore could not have any right or interest in or to this property or to any other property under such attachment, and it could therefore make no difference to them, so far as the attachment is concerned, as to which should have the possession of the property, the mortgagees or the defendants.   But if it could make any difference to the plaintiffs, it would probably be

better for them that the defendants should continue to retain the possession of the property instead of the mortgagees, for then the defendants might in the end be able to sell enough of the property to pay all their debts — those which they owe to the plaintiffs as well as those which they owe to the other creditors. If the mortgagees are satisfied to let the defendants retain the possession of the property, the plaintiffs should not complain. This question in effect has already been decided by this court. (*Boot & Shoe Co. v. Derse*, 41 Kas. 150; same case, 21 Pac. Rep. 167.)

We do not think that the judge of the court below committed any error in dissolving the attachment, and therefore his order in that regard will be affirmed.

All the Justices concurring.