McCORD, BRADY & COMPANY v. PHILIP KRAUSE.

FILED APRIL 26, 1893. No 5091.

1. **Attachment:** CHATTEL MORTGAGES. In the action of an attaching creditor against the debtor, the validity of chattel mortgages made by the debtor to other parties cannot, as against such mortgagees, be adjudicated.

2. ———: HEARING OF MOTION TO DISSOLVE: RIGHTS OF MORTGAGOR OF ATTACHED CHATTELS. As between plaintiff and defendant alone, upon motion to dissolve an attachment of the chattels mortgaged, the defendant can be heard only because of his residuary, contingent interest which may remain after the said mortgages are satisfied.

ERROR from the district court of Cass county.  Tried
below before CHAPMAN, J.

*Jeffrey & Rich,* for plaintiff in error.

*Byron Clark, contra.*

RYAN, C.

On August 14, 1891, Philip Krause, a merchant at
Plattsmouth, Nebraska, made the' first mortgage herein-
after referred to, and on the 15th day of August, 1891,
made the other chattel mortgages in the order given, upon
the entire merchandise composing his stock of goods, to
secure severally the parties and amounts following, to-wit:
Bank of Cass County, $1,000; Meyer & Raapke, $330.73;
Tootle, Hosea & Co., $677.82; D. M. Steele & Co., $311.37;
McCord, Brady & Co., $331.67; Kasper Bros., $354.35.
These mortgages practically covered all the possessions of
defendant Krause, and each provided that it was "lawful"
for the mortgagee to take immediate possession of said
goods and chattels wherever found, the possession of these
presents being his sufficient authority therefor, and to sell
the same at public auction or private sale, or so much
thereof as shall be sufficient to pay the amount due or to
become due," etc.    After reciting the statutory provision
for advertising the sale, each mortgage provided for sale
without notice at continuous private sale at option of the
mortgagee.    Each mortgagee, through W. H. Miller, as
agent, upon the making and filing of said mortgages went
into possession, and private sales of the stock began under
the provisions aforesaid.

It is a disputed proposition whether or not the plaintiff
in error McCord, Brady & Co. accepted the mortgage in
favor of that firm.    Certain it is, however, that on August
24, immediately following the making of said mortgage,
the plaintiff in error repudiated the same by attaching the

mortgaged property in this suit brought in the district
court of Cass county. The petition and affidavit for an
attachment were in due form for the indebtedness not yet
due, as well as for a part already due, and there was on the
same day made by the presiding judge of said district
court the following order:

"On application of the plaintiff, and it appearing from
the affidavit of the plaintiff that the claim is just and that
there is cause for granting an attachment, an order of at-
tachment in the sum of $396.56, and $50, probable costs of
the action, is therefore allowed to issue in this case, upon
the plaintiff giving an undertaking in the sum of $800,
with approved security as provided by law.

"(Signed)        SAMUEL M. CHAPMAN,
        "*Judge of the District Court.*"

An undertaking was filed as required by this order, and
duly approved, whereupon an order of attachment issued
against the property of defendant Krause, and was at once
levied on the mortgaged property by the sheriff of said
county, in whose possession said property remained, at
least until after the dissolution of the attachment.

W. H. Miller, on the hearing and determination of the
motion hereinafter referred to for the dissolution of the at-
tachment, in his affidavit, stated that on August 15 he was
by the mortgagees put in possession of the mortgaged
property with instructions to remain in possession of said
goods for all of said parties until their respective claims
were paid out according to the priority just stated, and ac-
cordingly proceeded to sell the mortgaged property at re-
tail without advertising; that at the time of the levy he
had collected on the books of account and so sold goods to
the aggregate amount of $447.93, to apply on the mort-
gage of the bank of Cass county. This agent, W. H.
Miller, further stated that at the time the said goods were
attached he informed the sheriff, prior to the levy, that he
was in possession of said mortgaged property for the mort-

gagees, giving him a list of the names hereinbefore set forth, and surrendered said goods and chattels under protest.

Neither of the mortgagees have in any way attempted further to assert a right to the possession of the property levied upon, and to this action neither has been a party nor in privity, so far as the record discloses, with the defendant in resisting the attachment upon these goods. This is very important, for our consideration of this case is thus limited exclusively to a determination of the rights and remedies proper as between plaintiff and defendant as debtor and creditor. Whatever rights or remedies the mortgagees may have in respect to the mortgaged property are in no way determined in this proceeding, because impossible in their absence as parties, and upon the record unnecessary.

On August 29, 1891, the defendant in said attachment proceedings filed in said court a motion to vacate and discharge said attachment on various grounds, only two of which are deemed important to the proper decision of the matters presented for review. This motion was presented upon affidavits of various parties, with which were presented several chattel mortgages containing the provisions above recited. A clear preponderance of the evidence showed that these mortgages covered all of Krause's property, and that he admitted to plaintiff's agent and to plaintiff's attorney that these mortgages were given to satisfy his largest creditors so they would not attach, that the smaller ones would not attach, and that he intended to settle with his creditors; though the defendant denies making the statements. Upon this motion the following order was made:

"And now on this 7th day of November, 1891, this cause came on for hearing upon the motion of the defendant to vacate and discharge the attachment heretofore granted in this cause and was submitted to the court, on consideration whereof it is ordered that the attachment heretofore granted in this action be and the same is vacated and discharged, and the sheriff is required to return to the

defendant all the property taken by him under said order of attachment; to all of which the said plaintiff duly excepts, and plaintiff is granted twenty days in which to perfect exceptions and prepare and file petition in error in supreme court."

As between plaintiff and defendant, the only parties to this litigation, the learned district judge erred in making the above order dissolving the attachment and returning the property attached to the defendant Krause. The question was simply whether or not sufficient grounds of attachment existed as against Krause. He had disposed of all the property, and, as he admits in his own affidavit, was slightly insolvent, the parties to whom his property was turned out were authorized to and in pursuance of this authority in fact were disposing of Krause's property at retail by private sales. Chapter 12 of the Compiled Statutes of Nebraska prescribes the manner in which chattel mortgages may be foreclosed. It is not deemed necessary to decide at present whether an advertisement and public sale is absolutely essential to a foreclosure as against creditors of the mortgagor; suffice it to say that a mortgagor who consents to a private sale of all his property, though under the guise of a chattel mortgage, to prevent large claim holders from bringing suit, with a view to settling with his creditors, is not in a position to insist that said property shall not be attached at the suit of one of his creditors. (*Wyman v. Mathews*, 53 Fed. Rep., 678.) His interest in the attached property is limited to such residue as may remain after the mortgages are fully satisfied, and as to such interest defendant's conduct and standing are not such that upon his application the attachment should have been dissolved. The order of dissolution of the attachment is therefore vacated, and this cause is remanded for further proceedings.

REVERSED AND REMANDED.

THE other commissioners concur.