WILLIAM DARST V. JAMES LEVY & BRO.

FILED MAY 15, 1894.   No. 5621.

Review: ATTACHMENT. The overruling of a motion to dissolve an attachment of mortgaged chattels, presented by the mortgagor alone, will not be reviewed when upon the hearing of the motion it was shown that the rights of the mortgagor had been foreclosed under the mortgage referred to, and when there is in the record evidence sufficient to justify the conclusion that the mortgage was by the mortgagor executed with intent to defraud or delay his creditors.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

*Brome, Andrews & Sheean,* for plaintiff in error.

*W. W. Morsman, contra.*

RYAN, C.

On the 28th day of May, 1891, plaintiff in error, a wholesale dealer in liquors and cigars at Omaha, executed to his father, Jacob Darst, a resident of Peoria, Illinois, a chattel mortgage on the stock of plaintiff in error to secure payment of notes given to his father, as was claimed on behalf of plaintiff in error, for money loaned him by his father. At the same time plaintiff in error made to the Merchants National Bank of Omaha a chattel mortgage on the same stock of goods to secure payment of the sum

42

of $14,000 due said bank. On the 29th day of May, 1891, defendant in error commenced an attachment suit against plaintiff in error on three accepted drafts, amounting in the aggregate to $2,304.88. The right to an attachment was predicated upon the averment that the plaintiff in error had "assigned and transferred his property with the intent to defraud his creditors and to hinder and delay his creditors in the collection of their debts." Jacob Darst replevied the mortgaged property from the sheriff, who had levied thereon the attachment issued as above described, and before the hearing of the motion to dissolve said attachment had foreclosed his aforesaid mortgage. As the debt to the bank was, to the extent of $10,000, contracted on the faith of a letter of credit given by Jacob Darst to plaintiff in error, Jacob Darst paid that amount to the bank. There was made by plaintiff in error a motion to dissolve the attachment levied upon his mortgaged stock. This motion could be considered only in so far as the *bona fides* and rights of the plaintiff in error were concerned. (*McCord v. Krause*, 36 Neb., 764.) The motion to dissolve the attachment was overruled, whether because at the time the motion was presented plaintiff in error had no interest whatever in the property attached by reason of a foreclosure of the mortgage previously had, or because the court found against him on the evidence adduced, we can only conjecture. In either event there is presented by the record no sufficient reason for disturbing the finding of the trial court. The judgment of the district court is

AFFIRMED.