STANDARD STAMPING COMPANY V. LEVI G. HETZEL
ET AL.

FILED FEBRUARY 20, 1895.   No. 5819.

1. **Attachment**: AFFIDAVITS: HEARING ON MOTION TO DIS-
   SOLVE. Where it was alleged in the petition in an attachment
   case that the defendants acted conjunctively, the first named
   buying on credit and turning over goods to the second to be dis-
   posed of by him for the joint benefit of both, it was proper on a
   motion to dissolve such attachment to consider whether or not
   there existed the alleged privity between the defendants.

2. ————: MOTION TO DISSOLVE: TRIAL. On a motion to dissolve
   an attachment the levy upon property, as that of a defendant,
   forbids plaintiff's denial that such defendant has an ownership
   interest therein.

3. ————: DISSOLUTION: SPECIAL FINDINGS. Where an attach-
   ment had previously been dissolved upon a full hearing of the
   merits, there existed no requirement that upon request, sus-
   tained by affidavits, additional special findings should be made,
   and it was not erroneous on motion to strike such affidavits from
   the files.

ERROR from the district court of Douglas county. Tried
below before KEYSOR, J.

*Cavanagh, Thomas & McGilton*, for plaintiff in error:

The court erred in considering and determining the ques-
tion of partnership between the defendants. (Drake, At-
tachment, sec. 418; *Alexander v. Brown*, 2 Dis. [O.], 396;
*Hermann v. Amedee*, 30 La. Ann., 393; *Kuehn v. Paroni*,
19 Pac. Rep. [Nev.], 273; *Olmstead v. Rivers*, 9 Neb., 234.)

*Cowin & McHugh, contra:*

The affidavit is a sufficient and complete denial of the
grounds of attachment and raised an issue which went di-
rectly to the right of the plaintiff to maintain its attach-
ment. (*Leach v. Cook*, 10 Vt., 239; *Taylor v. McDonald*,

4 O., 150; *Cowdin v. Hurford*, 4 O., 133; 2 Bates, Partnership, sec. 1117.)

The action of the trial court in considering the evidence introduced upon the question of the alleged partnership of the defendants, for the purpose of determining the truth of the allegations of the affidavit for attachment, was necessary and proper. (*Reed v. Maben*, 21 Neb., 696; *Hamilton v. Johnson*, 32 Neb., 730; *Bundrem v. Denn*, 25 Kan., 430; *Stapleton v. Orr*, 23 Pac. Rep. [Kan.], 109; *Guest v. Ramsey*, 33 Pac. Rep. [Kan.], 17.)

The order of the trial court in discharging the attachment upon motion of defendant Frank J. Hetzel was proper. (*Windt v. Banniza*, 26 Pac. Rep. [Wash.], 189; *Claflin v. Detelbach*, 28 Atl. Rep. [N. J.], 715: *Mayer v. Zingre*, 18 Neb., 458; *Dolan v. Armstrong*, 35 Neb., 339.)

RYAN, C.

Plaintiff brought suit in the district court of Douglas county against the defendants named, as individuals, for the recovery of judgment in the sum of $348.13, alleged to have been due, and the sum of $1,067.71 about to become due when suit was brought. An attachment was, at the commencement of the suit, procured to be issued against the property of the defendants, but was levied on a stock of groceries of which the defendant Frank J. Hetzel claimed to be the owner. From an order dissolving said attachment plaintiff has prosecuted error proceedings to this court. In the petition were averments as follows:

"2. The defendants are a partnership doing business in the city of Omaha, Nebraska, in the wholesale and retail grocery business, but are not doing busines as such partnership under any firm name.

"3. The defendants, although partners, were and are doing business as such wholesale and retail grocers at three points in said city and state; one store under the name of the 'Mammoth,' on the west side of Sixteenth street, between Dodge

and Douglas streets; one store under the name of the 'Bee Grocery Company,' on Sixteenth street, between Cass and California streets; and one store near the corner of Twenty-fourth and Cuming streets under the name of L. G. Hetzel.

"4. That between June 14th and August 11th, 1892, plaintiff sold and delivered to the said defendants, at the special instance and request of the said L. G. Hetzel, goods, wares, and merchandise of the value of $1,415.84, * * which said wares and merchandise were purchased for the said defendants jointly, and exposed for sale in their three several places of business."

Following the above allegations there were averments in the petition that, previous to a date in 1892 not given, the defendants had held themselves out to the public as partners, but had then pretended to dissolve said partnership relation, and, from thenceforward, each defendant had pretended to engage in business for himself and on his own sole account, but, as plaintiff charges upon belief, there existed a conspiracy between the defendants to defraud wholesale houses by buying largely on credit and selling and concealing as many of their goods as it was possible, leaving said wholesale houses unpaid; that to facilitate said fraudulent plan, and as part thereof, the pretense of dissolution had been resorted to, after which Levi G. Hetzel in his own name purchased goods from as many wholesale houses as would give him credit, and from these goods furnished the store which it was pretended was being run by Frank J. Hetzel as his own; that said goods so purchased by Levi G. Hetzel were for the benefit of both of said defendants and were purchased in pursuance of said plan to defraud, and that Frank J. Hetzel received the portion of said goods so furnished him in pursuance of said plan to defraud, and to enable said Levi G. Hetzel to defraud, and for the purpose of defrauding the plaintiff. In connection with the above averments there was given a statement of the dates at which would fall due the amounts for which judgment

was prayed. The affidavit for an attachment likewise described these amounts, and the date of maturity of each, and, in addition, contained allegations that the defendants had sold, conveyed, or otherwise disposed of their property with intent to defraud their creditors, and were about to remove their property, or a material part thereof, with the intent, or to the effect, of cheating or defrauding their creditors, or hindering them in the collection of their debts.

The motion to dissolve the attachment was filed on behalf of Frank J. Hetzel alone. It was heard and determined upon consideration of a large amount of evidence presented by affidavits, and of still more abundant testimony given orally. With the result attained we cannot interfere, for the findings of a trial court as to the existence of facts established upon the consideration of conflicting evidence are conclusive when the proofs are such that different minds therefrom might fairly draw different conclusions.

It is strenuously urged by the plaintiff in error that since in the petition there were averments of the existence of a partnership between the defendants, that question was one which could properly arise only upon the issue made by a denial of this averment in the answer, and that, therefore, the district court erred in considering whether or not the alleged partnership relation actually existed. The goods attached were claimed by Frank J. Hetzel. By the attachment of these goods as the property of both the defendants there was a recognition by plaintiff that Frank J. Hetzel had an interest in them as an owner. If, in fact, Frank J. Hetzel was the sole owner of the attached property he was entitled to have the attachment thereon dissolved unless, in some way, there was shown a privity between the defendants, for the plaintiff itself in its petition had alleged that the sale of the goods was made to Levi G. Hetzel. In this connection there were extended averments of a partnership relation under and by virtue of which the

property purchased was by Levi G. turned over to his brother in pursuance of a common purpose between these brothers of perpetrating a fraud, or series of frauds. These averments, it will be noticed, were not made as mere elaborations of the grounds of attachment prescribed by statute, but rather were the statements of facts upon which it was sought to hold Frank J. liable personally for the goods sold. If the district court could not consider whether or not the privity alleged had an existence, it would result, of necessity, that in the petition there was no averment under which Frank's property could be attached, for in that event there would exist no grounds for holding liable either himself or his property. There was introduced a great deal of evidence which tended, unexplained and uncontradicted, to show that Levi had fraudulently transferred his property to Frank. If the goods had been attached in the hands of Frank, as in reality the property of Levi, placed in Frank's hands for the purpose of defrauding the creditors of Levi, this would have been competent. But such was not the case; the property was attached as that of both Levi and Frank. It was therefore necessary, in view of the plaintiff's averment that the goods were in reality sold to both, though the transaction was with Levi alone in his own name, to show that there existed a privity between Frank and Levi in order to sustain the attachment sued out and levied as it was. Upon consideration of all the evidence adduced there was no sufficient proof to satisfy the court that, in purchasing, Levi acted for Frank, either as a partner or otherwise, hence it resulted that in so far as Frank's interests were concerned the attachment was properly dissolved.

- Probably for the purpose of prosecuting with distinctness some questions deemed important, the plaintiff, after the motion to dissolve the attachment had been sustained, filed certain affidavits with a request for specific findings not theretofore made. On motion these affidavits were

stricken from the files. There exists no rule which requires, upon questions of the nature of those presented in this case, that the district court must make special findings of fact or conclusions of law upon request so to do. In this case there had already been made sufficient findings to justify the order dissolving the attachment. There was, therefore, no error in striking the affidavits from the files as was done. The judgment of the district court is

AFFIRMED.

IRVINE, C., not sitting.