HERMAN KOUNTZE ET AL. V. GEORGE R. SCOTT ET AL.

FILED OCTOBER 6, 1896.   No. 6792.

Attachment: TRANSFER OF DEBTOR'S PROPERTY. A debtor who had transferred all his interest in property subsequently attached, to one who is not a party to the attachment suit, cannot, in his own name and right, be permitted, on motion for a dissolution of the attachment, to establish the validity of his transfer.

ERROR from the district court of Gage county. Tried below before BUSH, J.

W. C. Le Hane and George A. Murphy, for plaintiffs in error.

Samuel Rinaker, R. S. Bibb, and G. M. Johnston, contra.

RYAN, C.

On June 12, 1893, Walter W. Scott and the firm of Scott Bros. executed a note for $3,000 to the Nebraska National Bank of Beatrice. Before maturity this note was transferred as collateral security to the plaintiffs in error. When this note fell due it was not paid, and subsequently an action, aided by an attachment, was begun for its collection in the district court of Gage county. A motion to dissolve this attachment was made by the defendants on the ground that the facts set forth in the affidavits for attachment were not true, and because such facts as were set forth in said affidavits were not sufficient to warrant the issuance of an attachment. No reliance seems to have been placed upon the last ground alleged, hence we shall consider only the first.

From the affidavits submitted by both parties it is left clear beyond question that the firm of Scott Bros. was originally made up of George R. Scott and Walter W. Scott; that this firm was engaged in the undertaking and retail furniture business at Beatrice; that the interest of George R. Scott in property of said firm and in its business was transferred to Walter W. Scott; that afterward, on July 10, 1893, all the merchandise, book accounts, and business of Walter W. Scott were sold and transferred to parties of whom none are joined, by intervention or otherwise, in this action. The motion of Scott Bros. and Walter W. Scott to dissolve the attachment was sustained, and the attachment plaintiffs, by their petition in error, present this ruling for our consideration. That very unsatisfactory results might be reached if the practices adopted in this case are to be sanctioned, is illustrated by the fact that it now appears by an affidavit in this case that one of the parties to whom the transfer was made by Walter W. Scott, in his own name, at some time began an action for damages against the sheriff of Gage county by reason of his wrongful levy of the attachment under consideration. If Walter W. Scott, in his

own name, herein may urge the rights of his transferee
to procure a release of the attached goods, when the over-
ruling of such motion can in no way affect the rights of
such transferee, there is in effect given the transferee this
safe remedy, in addition to the right, which is unques-
tioned, to replevy the goods or to sue for their value in-
dependently of this action. It was in view of this pos-
sible result that the rule was first laid down in *McCord v.
Krause*, 36 Neb., 764, that as between plaintiff and de-
fendant alone, upon motion to dissolve an attachment of
the chattels mortgaged, the defendant can be heard only
because of his residuary contingent interest which may
remain after the said mortgages are satisfied. This prin-
ciple was subsequently enforced in *Landauer v. Mack*, 43
Neb., 430, and in *Darst v. Levy*, 40 Neb., 593. It is urged,
however, that in *Kilpatrick-Koch Dry Goods Co. v. Bremers*,
44 Neb., 863, this court has acted upon a modification of
the rule above stated. What was actually held in the
case last cited cannot be better expressed than by this
language, quoted from the opinion: "The plaintiff in
error contends that Bremers had no standing in court
to move for the discharge of the attachment, and that
the judgment should be, for that reason, reversed. This
contention is based upon the fact that the goods had
been sold before the motion was filed, and had realized
sufficient to pay the mortgages; that, therefore, no in-
terest was left in Bremers, residuary, contingent, or other-
wise. It must be remembered, however, that the plaint-
iff did not attach these goods. It suffered them to re-
main in the possession of the mortgagees and contented
itself with garnishing the latter. This garnishment was
founded upon the allegation that the mortgagees had
property of Bremers in their possession. If, therefore,
no interest remained in Bremers, then the plaintiff gained
nothing by this garnishment. In other words, the plaint-
iff, relying upon its garnishment to reach the proceeds
of the sale of the goods, cannot be heard to urge, con-
trary to the jurisdictional facts necessary to support

the garnishment, that Bremers was without interest therein." Another case cited as recognizing a modification of the rule laid down in *McCord v. Krause*, *supra*, is *Standard Stamping Co. v. Hetzel*, 44 Neb., 105. In this case Frank J. Hetzel and Levi G. Hetzel were joined as defendants, and in the petition it was alleged that these brothers constituted a partnership firm, to which, in fact, the goods were sold, though ostensibly purchased by L. G. Hetzel. There was an attachment of merchandise as the property of both defendants. The motion to dissolve the attachment was by Frank J. Hetzel, in his own name. There was, therefore, a motion by a proper party to the record, who claimed the attached property as his own. In the opinion the feature which distinguished the case relied on from the one at bar was pointed out in the following language: "There was introduced a great deal of evidence which tended, unexplained and uncontradicted, to show that Levi had fraudulently transferred his property to Frank. If the goods had been attached in the hands of Frank, as in reality the property of Levi, placed in Frank's hands for the purpose of defrauding the creditors of Levi, this would have been competent. But such was not the case; the property was attached as that of both Levi and Frank. It was, therefore, necessary, in view of the plaintiff's averment that the goods were in reality sold to both, though the transaction was with Levi alone, in his own name, to show that there existed a privity between Frank and Levi in order to sustain the attachment, sued out and levied as it was. Upon consideration of all the evidence adduced there was no sufficient proof to satisfy the court that, in purchasing, Levi acted for Frank, either as a partner or otherwise, hence it resulted that in so far as Frank's interests were concerned the attachment was properly dissolved." From the above review of *Kilpatrick-Koch Dry Goods Co. v. Bremers* and *Standard Stamping Co. v. Hetzel* it clearly appears that this court has not receded from the proposition which heretofore has been laid down in *McCord v. Krause*.

In the case at bar, as has already been pointed out, there is illustrated the danger of departing from that rule and allowing an attempt to sustain a sale to be made by one who, upon his. own showing, has no interest in the attached property. The order of the district court whereby the attachment was dissolved is therefore reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.