51  245
f51  252

MONROE E. SMITH ET AL. V. GEORGE S. BOWEN.

FILED APRIL 21, 1897.   No. 7042.

1. **Insolvency: PREFERRING CREDITORS.** An insolvent debtor may lawfully secure a portion of his creditors to the exclusion of the others, if in so doing he acts in good faith and without a fraudulent intent.

2. **Attachment: DISSOLUTION: REVIEW.** An order dissolving an attachment made on conflicting evidence will not be disturbed.

3. **Chattel Mortgages: EXCESSIVE SECURITY.** The disproportion between the value of chattels mortgaged and the amount of the debt secured is not a basis for presumption of fraud.

ERROR from the district court of Greeley county. Tried below before THOMPSON, J. *Affirmed.*

*Charles B. Keller, T. J. Doyle,* and *J. R. Hanna,* for plaintiffs in error.

*M. B. Gearon, J. R. Swain,* and *Heald & Leavens, contra.*

NORVAL, J.

Plaintiffs brought an action against the defendant upon an account for merchandise, an attachment was obtained, and certain property was seized thereunder as belonging to the defendant. A motion to vacate and discharge the attachment was filed, which motion was supported by affidavits and other testimony denying the grounds set up in the affidavit upon which the same was issued, and resisted by testimony submitted by plaintiffs in the form of affidavits, depositions, and oral proofs. Upon the hearing the motion was sustained, and the order dissolving the attachment has been brought to this court for review by appropriate proceedings.

While the affidavit for attachment alleged several grounds for granting the writ, but one of them is relied upon in this court, namely: "That the defendant sold, conveyed, or otherwise disposed of his property with the

fraudulent intent to cheat or defraud his creditors, or to
hinder or delay them in the collection of their debts."
The following facts are undisputed: On the 7th and 8th
days of August, 1893, the defendant was and for some
time prior thereto had been engaged in the mercantile
business and also in the practice of medicine in Greeley
Center.   D. R. Pomroy managed the store for him, the
defendant devoting his time and attention to the practice
of his profession.   On said dates he executed chattel
mortgages upon his stock of goods and store fixtures ag-
gregating $5,443.50, as follows: C. J. McGuire, $1,000;
E. F. Cashman, $500; M. H. Nugent, $1,500; D. R. Pom-
roy, $1,500; J. H. Bowen, $500; Voorheis & Miller, $540;
C. B. Rouse, $472; M. Anderson & Co., $131.50.   The last
mortgage was likewise secured by defendant's book ac-
counts.   The approximate cash value of the property
mortgaged equaled, if it did not exceed, the aggregate
amount of the mortgages.   It is conceded that some of
the mortgages are *bona fide*.   The defendant, under oath,
denied each averment of fraud contained in the affidavit
on which the attachment issued, and unequivocally stated
that each mortgage was given to secure an actual pre-
existing indebtedness, except the McGuire mortgage,
which was given to secure a present loan of $600 and
a debt then past due.   The defendant, as to some of
the mortgages, especially those executed to Cashman
and Pomroy, is corroborated by the testimony of the
mortgagees.   If Bowen's testimony is true, he acted in
good faith and without any intent to defraud his cred-
itors in executing the mortgages.   He had a right to se-
cure a part of his creditors to the exclusion of the others,
if he acted in good faith and without any fraudulent pur-
pose.   (*First Nat. Bank v. Lowrey*, 36 Neb., 290; *Costello v.
Chamberlain*, 36 Neb., 45; *Kilpatrick-Koch Dry Goods Co. v.
McPheely*, 37 Neb., 800; *Meyer v. Union Bag & Paper Co.*, 41
Neb., 67.)   The question of fraud is one of fact.   The evi-
dence adduced by plaintiff was sufficient to have justified
the attachment, but the trial court thought otherwise,

and its decision being based upon conflicting evidence, it will not be molested.

It is argued that the mortgage of Bowen to McGuire is fraudulent and void, because it was the first mortgage executed, and covered property largely exceeding in value the debt thereby secured. This was the only mortgage given on August 7, 1893, all the others being given on the succeeding day. The disproportion between the value of the mortgaged chattels and the amount of debt secured does not raise a conclusive presumption of fraud, but is mere evidence tending to prove fraud, to be considered in the light of surrounding circumstances. (*Kilpatrick-Koch Dry Goods Co. v. Strauss*, 45 Neb., 793; *Grand Island Banking Co. v. Costello*, 45 Neb., 119; *Dayton Spice-Mills Co. v. Sloan*, 49 Neb., 622.) It cannot be determined as a matter of law that the McGuire mortgage was fraudulent and void. The order dissolving the attachment is

AFFIRMED.