McCORD, BRADY & COMPANY V. GEORGE S. BOWEN.

FILED APRIL 21, 1897. No. 7041.

1. **Right of Defendant to File Motion to Discharge Attachment:** ESTOPPEL. Under section 235 of the Code of Civil Procedure, defendant may, at any time before judgment, upon reasonable notice to plaintiff, move to dissolve an attachment, and the fact that the attached property does not belong to the defendant, or is incumbered for its full value, does not bar or estop him from filing a motion to discharge.

2. ——: ——. An attaching plaintiff is estopped to assert that the defendant has not sufficient interest to defend against the attachment.

3. ——: ——. *Smith v. Bowen*, 51 Neb., 245, decided herewith, followed.

ERROR from the district court of Greeley county. Tried below before THOMPSON, J.   *Affirmed.*

*Rich, O'Neill & Sears, T. J. Doyle,* and *J. R. Hanna,* for plaintiff in error.

*J. R. Swain, M. B. Gearon,* and *Heald & Leavens, contra.*

NORVAL, J.

This is a proceeding to review an order of the district court dissolving an attachment issued upon an affidavit alleging substantially all the grounds for an attachment set forth in the statute. The motion to discharge assigns the following reasons therefor:

1. The facts stated in the attachment affidavit are insufficient to justify the issuing of the writ.

2. No action was pending when the affidavit for attachment was filed.

3. The statement of facts in said affidavit are untrue.

There is no merit in either of the first two grounds of the motion, since the attachment affidavit is sufficient in form and substance to authorize the granting of the writ, and the suit was brought and the attachment affidavit was filed simultaneously. The statute (Code of Civil Procedure, sec. 198) authorizes the issuance of an attachment against the property of the defendant, at, or after, the commencement of an action.

It is insisted, in argument, that the defendant was in no position to assail the attachment, because he had no residuary or contingent interest in the attached property at the time the motion was filed. This contention is predicated upon the fact that the defendant had incumbered the property by mortgages for more than its value, and the mortgagees were in possession. But this does not preclude him from moving the dissolution of the attachment. Section 235 of the Code of Civil Procedure provides: "The defendant may at any time before judgment, upon reasonable notice to the plaintiff, move to discharge an attachment, as to the whole or a part of the property attached." The legislature, it is clear, has not by the

provision quoted limited the right to urge the discharge of an attachment to a defendant who had not parted with the title and possession of the property attached. But the right to move for the dissolution of an attachment by controverting the grounds upon which the writ was issued is conferred upon every attachment debtor. In *Salmon v. Mills*, 49 Fed. Rep., 333, the circuit court of appeals ruled, under a statute similar to ours, that an attaching defendant may move to vacate an attachment notwithstanding he disclaims any interest in the property. In *Claussen v. Easterling*, 19 S. Car., 515, Chief Justice Simpson, in delivering the opinion of the court, observed: "As to the ground most strongly urged by appellant, that defendant having admitted that the property attached did not belong to him, he could not move to dissolve the attachment, we do not see the application here. The motion below was made on the ground that the property in question did not belong to the defendant. The title to the property was not in issue. The attachment was issued on an allegation of fraud by the defendant, and the only question involved below was the truth of that allegation. If, because that allegation being found untrue, the attachment is vacated and incidentally thereby the property is released, that is a result which does not concern the defendant. He certainly should not be compelled to submit to the charge of fraud, when he has the means of overthrowing it, simply because if he should do so, some one else may be benefited." *Keith v. Armstrong*, 65 Wis., 225, was an appeal by the plaintiffs from an order vacating and discharging an attachment. The ground for the attachment was that the defendants had assigned, conveyed, and disposed of their property for the purpose of defrauding their creditors. The defendants having made a voluntary assignment of their property for the benefit of their creditors, it was urged that the defendants had no right to traverse the affidavit for attachment. The supreme court overruled this contention. Of the same purport are *First National Bank of Winona v. Randall*, 38

Minn., 382; *Tolerton v. Casperson*, 63 N. W. Rep. [S. Dak.], 908. The supreme court of Kansas has decided that a defendant is not estopped from filing a motion to discharge an attachment upon the ground that the affidavit upon which the writ was issued is false and untrue, merely because he had executed chattel mortgages to various creditors upon the property attached. (*Smith v. Derse*, 41 Kan., 150; *Hosea v. McClure*, 42 Kan., 403.) The defendant should be permitted to move for the vacation of an attachment, if, as between himself and the plaintiff, he is entitled to a discharge of the writ. Such right is given by statute, and it cannot be taken from him under the guise of judicial interpretation. Instead of the defendant being estopped, by the giving of the mortgage, from insisting on a dissolution, the plaintiff by attaching the property as belonging to the defendant cannot be heard to say that the defendant has no such interest in the property as to question the attachment. This doctrine has more than once been asserted by this court. (*Grimes v. Farrington*, 19 Neb., 44; *Kilpatrick-Koch Dry Goods Co. v. Bremers*, 44 Neb., 863; *Dayton Spice-Mills Co. v. Sloan*, 49 Neb., 622.) In the last case, HARRISON, J., speaking for the court, said: "The point is raised that the defendants had no interest in the property attached which entitled them to be heard on motion to discharge the attachment. A levy of the writ was made on the property mortgaged to the wives as the property of the defendants, and the banks were made garnishees in an effort to reach the property mortgaged to them, the ground being that the mortgagees had property of defendants in their possession or under their control. The plaintiffs had the writ levied upon the property as belonging to defendants, and claim a lien on other of the property by virtue of a garnishment based on allegations that the garnishees had in their possession property which belonged to defendants, and they cannot now successfully urge that the defendants have not interests in the property such as would permit them to attack the attach-

ment." The doctrine stated is sound, and supported by the authorities, with the exception of those from Michigan, which were decided under statutory provisions unlike those in force in this state.

In support of the proposition that the defendant has no standing in court to move the dissolution of the attachment, counsel for plaintiff have cited *McCord v. Krause*, 36 Neb., 764, in which case it was said: "As between plaintiff and defendant alone, upon motion to dissolve an attachment of the chattels mortgaged, the defendant can be heard only because of his residuary, contingent interest, which may remain after the said mortgages are satisfied." The same principle was subsequently recognized and applied in *Darst v. Levy*, 40 Neb., 593, and *Kountze v. Scott*, 49 Neb., 258. To the extent any language used in those cases is susceptible of being construed as not in accord with the principle laid down in *Grimes v. Farrington*, *Kilpatrick-Koch Dry Goods Co. v. Bremers*, and *Dayton Spice-Mills Co. v. Sloan*, *supra*, it is disapproved. If a plaintiff in attachment is estopped or barred from asserting that the defendant has not sufficient interest to defend against an attachment, it logically follows that the latter may move to dissolve the attachment, at least upon the ground the affidavit upon which it was based is untrue, even though he may not at the time be the owner of the property. Doubtless, it is not competent for a defendant to move the discharge of an attachment on the ground that the property seized does not belong to him. (*Langdon v. Conklin*, 10 O. St., 439; *Mitchell v. Skinner*, 17 Kan., 563.) In other words, he cannot set up title in a third party to defeat the attachment. A debtor who has conveyed the property subsequently attached to one not a party to the suit will not be permitted on the hearing of the motion to dissolve to establish the validity of the sale, by showing that the transferee was innocent of any fraud, and therefore acquired a perfect title. As said in *Landauer v. Mack*, 43 Neb., 430: "In order to sustain an attachment against the defendant it is, for obvious reasons, sufficient

to establish the existence of ground therefor as against him without regard to the rights of other parties. The character of the title or interest acquired by purchase or mortgage from an insolvent debtor is wholly immaterial unless put in issue by creditors." But this principle does not prevent a debtor from defending himself against an unfounded attachment. To illustrate: If an attachment is issued on the ground that the defendant has disposed of his property for the purpose of defrauding his creditors, the debtor, on a motion to dissolve, may show that the charge of fraud is false, and that the transfer was made in good faith, even though the dissolution of the attachment might inure to the benefit of one not a party to the suit. The rule contended for by plaintiff, and implied in the language employed in some of our decisions already mentioned, would prevent an attachment debtor from defending himself against the charge of fraud in an affidavit in attachment, where he had transferred in good faith the property subsequently seized under the writ. To so hold would be adding a proviso to said section 235 of the Code, which this department of the state government is powerless to do. The conclusion is irresistible that the defendant had the right to defend against the attachment.

The facts bearing upon the merits of the motion to dissolve are identical with those in *Smith v. Bowen*, 51 Neb., 245, decided herewith, and, upon the authority of that case, the order dissolving the attachment is

AFFIRMED.