## J. K. TYLER v. S. J. SAFFORD.

1. FORTHCOMING BOND IN ATTACHMENT, *Effect of.* The execution of a forthcoming bond under § 199 of the code, and the delivery of the property attached to the person in whose possession it was found, does not discharge the attachment.

2. ATTACHMENT, *Motion to Discharge; Practice; No Error.* Defendant, before judgment, upon notice to plaintiff, moved to discharge an attachment upon affidavits filed by him.    Plaintiff presented his own affidavit in support of the grounds alleged for the attachment.    The district judge permitted the defendant, against the objections of plaintiff, to examine the latter orally in his presence upon the subject-matter of the affidavit. *Held,* Not error.

3. CONTRACT, *Not Consummated.* T. held a chattel mortgage upon G.'s interest in the firm of S. & G., executed by G. as an additional security for liens for material furnished to G. for building purposes, and upon the supposition that the chattel mortgage was an absolute conveyance, T. & S. signed a writing, importing a transfer of G.'s interest in the firm to S. for $715.    The latter was in the actual possession of the partnership property and effects.    The writing was retained by T., and at signing, it was the verbal agreement that T. & S. were to go at once to a neighboring town to close up the transaction; the purchase was not to be completed until S. had ascertained that G. had not otherwise lessened or impaired his interest, and T. was then to assign and deliver the chattel

mortgage to S., and thereon S. was to pay the consideration. Soon after signing the writing, G. informed S. of the true nature of his transaction with T., and S. ascertained that G.'s interest had been slightly impaired by a collection. T. did not transfer his debt to S., and refused to deliver or assign the chattel mortgage to him; S. did not pay any money or other consideration. *Held,* That the contract was never consummated between T. and S.; that T. had never made any delivery of property to S., and T. was not entitled to any payment on the proposed contract.

### *Error from Butler District Court.*

ACTION brought by *Tyler* against *Safford,* to recover for an alleged breach of a contract. The plaintiff procured an order of attachment, and caused certain property to be attached. December 10, 1879, the district judge, at chambers, dissolved the attachment. Of this ruling the plaintiff complains, and brings the case here. The opinion states the facts.

*A. L. Redden,* and *Scott & Lynn,* for plaintiff in error.
*Buck & Kellogg,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 28th day of November, 1879, the plaintiff in error commenced an action against defendant in error to recover the sum of $715, and interest, for an alleged breach of contract on the part of defendant in failing to pay for a certain interest in a lumber business then being carried on at Augusta, in Butler county, by S. J. Safford and T. J. George, under the name of S. J. Safford & Co. The plaintiff procured an attachment, and caused property to be attached. On December 2, 1879, the defendant executed a forthcoming bond, under § 199 of the code, to the plaintiff, in the sum of $3,952.42, and thereupon the attached property was turned over to the defendant by the sheriff. On December 10th, the defendant, upon notice, applied to the district judge, at chambers, to dissolve the attachment on various grounds, among others, because the affidavit for the attachment was not true. The motion was sustained, and the attachment discharged. Exceptions were taken to the rul-

ings of the district judge by plaintiff, who brings the case here for review. The grounds set forth for the attachment, were:

1st. That the defendant fraudulently contracted the debt, and incurred the liability and obligation for which the above-named suit had been brought.

2d. And had failed to pay the price and value of the articles and things delivered, which by the contract he was bound to pay upon delivery.

It is claimed by plaintiff's counsel that the district judge erred in entertaining the motion to dissolve the attachment, for the reason that the execution of the forthcoming bond operated as a release of the attachment lien. If this were true, we do not understand the cause of complaint, for the error, if error existed, would not in the least prejudice the rights of plaintiff. We do not agree with counsel, however, that the giving of the bond discharged the attachment. The very object of the bond was to insure the safe-keeping and faithful return of the property to the officer, if its return should be required. As was said in *Rutledge v. Corbin,* 10 Ohio St. 478: "The party to whom the sheriff so redelivers the property thereby receives and holds it as the bailee of the sheriff; and the property is still, in contemplation of law, in the possession of the sheriff, so far as subsequent attaching creditors are concerned." (Drake on Attachment, §§ 331–340; *Jones v. Jones,* 38 Mo. 429.)

Counsel further claim that the court erred in allowing the defendant to cross-examine orally the plaintiff. Upon this point, we adopt the language of Mr. Justice BREWER in the late case of *The State v. Stackhouse,* ante, p. 454: "While affidavits are ordinarily the only testimony received upon motions, we suppose it is competent for the court in its discretion and in furtherance of justice, to call the witnesses before it and have them examined and cross-examined orally in its presence. We all know how often an affidavit speaks the language of counsel, rather than that of witness, or fails to state all the facts. Great injustice may be done, if the court

has no power to bring the witnesses before it and have them examined in its presence." (Code, § 229.)

The final objection is, that upon the evidence, the defendant was not entitled to have the attachment discharged. The facts disclosed by the record are, that the plaintiff was a lumber merchant at Emporia, in Lyon county; that the defendant and one T. J. George, under the firm-name of S. J. Safford & Co., were doing a lumber business at Augusta, Butler county, under the personal management of defendant, who had actual possession of the partnership property; that T. J. George was giving his personal attention to the carpenter and building business carried on upon his own account, at Emporia; that George became indebted to plaintiff for building material in the sum of $1,992; and that as an additional security to the liens to which plaintiff was entitled under the statute for this material, George executed to plaintiff, on November 7, 1879, a contract in the nature of a chattel mortgage on his interest in the business of S. J. Safford & Co., estimated by the parties to the contract to be of the value of $739.94. The contract specially provided that the acceptance of the interest of George in the business of S. J. Safford & Co. was not to operate as a discharge or release of plaintiff's liens for his claims, and said George was to have six months from the date of the contract to pay the debt. Afterward, plaintiff went to Augusta, and upon the supposition that the chattel mortgage was an absolute conveyance to him of the interest of George in the firm of S. J. Safford & Co., he represented to Safford that he had bought out George's entire interest in the business, and proposed to sell it to him. He produced the chattel mortgage, calling it a bill of sale, and read a portion only of it to defendant; defendant then told plaintiff he would purchase from him the interest of George in the firm, and pay him $715, upon the condition that upon investigation it should turn out that plaintiff had in fact such entire right and interest of George in the partnership, and that George had not in any manner lessened or impaired his interest. Plaintiff undertook to reduce the agree-

ment to writing; both parties signed it, and plaintiff retained the paper, a copy of which is as follows:

"This agreement by and between J. K. Tyler and S. J. Safford, witnesseth: That said Tyler conveys all his title and interest to a lumber business bought of T. J. George, to said S. J. Safford for the sum of seven hundred and fifteen dollars, the same to be paid by S. J. Safford as follows: Two hundred and fifty dollars cash in hand, and two notes of equal amount for the balance, to be paid, with ten per cent. interest, as follows: Two hundred and thirty-two and $\frac{50}{100}$ dollars on the first day of January, 1880, and two hundred and thirty-two $\frac{50}{100}$ dollars on the first day of February, 1880; said notes to be indorsed or joined in by C. P. Safford; the sale of said business to be subject to same conditions as these made by Thos. J. George to said J. K. Tyler.

J. K. TYLER,<br>S. J. SAFFORD."

At the time of signing, it was agreed between the parties that they would go up at once to Emporia to close up the matter, plaintiff to assign and deliver the chattel mortgage, called by the parties a bill of sale, to defendant, and the latter to pay the $250, and deliver the two notes to plaintiff. On arriving at Emporia, the next day after the signing of the said writing, defendant was informed by George of the true nature of his transaction with plaintiff, and learned that George's interest had been lessened by a small collection. Plaintiff and defendant then had a dispute as to the writing signed by them, defendant claiming that it did not express their agreement and plaintiff saying that it did. The plaintiff did not transfer his debt or claim against George to the defendant, nor deliver or assign the chattel mortgage to him. Defendant refused to pay any money or execute the notes. These facts show the proposed purchase by the defendant fell through, and that no sale was consummated. The evidence of the plaintiff disputes some of these statements; but the testimony of Orrin E. George and T. J. George fully sustains them, and clearly proves the writing signed by plaintiff and defendant to have been only conditional, and that such conditional contract, owing to the acts of the parties, never be-

came in fact a final or a binding agreement; that there was no delivery of property to defendant by plaintiff, and that, therefore, defendant was not guilty of fraud, nor of wrongful default in the transaction.

We have fully examined the other questions submitted, but do not deem it necessary to comment further in the case.

The order of the district judge will be affirmed, with costs.

All the Justices concurring.