SOUTH PARK IMPROVEMENT COMPANY V. A. H. BAKER.

FILED APRIL 21, 1897. No. 7152.

1. **Review: EVIDENCE.** This court will not disturb a finding made by a district court on the ground that such finding is not supported by the evidence, solely because we may be of opinion that had we tried the issue we would have reached a contrary conclusion.

2. **Attachment: MOTION TO DISCHARGE.** One made defendant in an attachment proceeding may move to discharge such attachment from the whole or any part of the property attached notwithstanding the fact that he had disposed of his interest in such property prior to its seizure.

3. ———: ———: ISSUE. The issue of fact in a proceeding to discharge an attachment is not whether the attachment defendant owns the property, nor whether his grantee has an unimpeachable title or interest therein.

ERROR from the district court of Hall county. Tried below before KENDALL, J. *Affirmed.*

*R. C. Glanville,* for plaintiff in error.

*W. H. Thompson, contra.*

RAGAN, C.

This is a proceeding in error to review a judgment of the district court of Hall county discharging an order of attachment.

1. The first argument is that the district court erred in finding that the defendant in error, the defendant in the attachment suit, had not made a fraudulent disposition of his property. It is a waste of time to bring to this court for review, on the ground of non-support in the evidence, a judgment of a district court based upon a finding made upon conflicting evidence where such finding has sufficient evidence for its support. It has been so many times decided that this court will not disturb the finding made by a district court on conflicting evidence, if there is sufficient evidence to support the finding made, that to restate the rule and cite the cases would be a use-

less consumption of time, and it is a matter of surprise that we are so often called upon to review such judgments. In the case at bar the plaintiff alleges for attachment every ground provided by the statute except that the attachment defendant was a non-resident of the state and that he had fraudulently contracted the debt sued for. These allegations of the affidavit were put at issue and that issue tried by the district court upon conflicting evidence, and, after a patient hearing and consideration of this evidence, the deliberate judgment of that court was that the plaintiff in the attachment suit had failed to show that the attachment defendant had made a fraudulent disposition of his property. We have no right to disturb this finding, even if we were of opinion that had we been trying the issue we would have reached a different conclusion.

2. It is said by the plaintiff in error that the undisputed evidence shows that the attachment defendant had, prior to the issuing of the attachment, disposed of all his interest in the attached property, and therefore it is insisted that the attachment defendant had no standing in court to move or to be heard in support of a motion to discharge the attachment. We assume, for the purposes of this opinion, that the evidence shows, without dispute, that prior to the attaching of the property in question the defendant in the attachment had disposed of his entire interest in such property; but one made defendant in attachment, in which proceeding property has been seized, may move to discharge such attachment from the whole or any part of the property seized, notwithstanding the fact that he had disposed of his interest in the property prior to its seizure. (Code of Civil Procedure, sec. 235.) This point was thoroughly considered in *McCord v. Bowen*, 51 Neb., 247, decided at this term. All the cases in this court bearing on the subject were reviewed and a conclusion reached contrary to that made here by the plaintiff in error. Counsel for the plaintiff in error say that since the attachment defendant has con-

veyed his interest in the property they are unable to understand how any rights of his can be affected by the seizure of the property; that that is a matter which concerned only the vendee of the attachment defendant. Counsel overlook the fact that the issue of fact in a proceeding to discharge an attachment is not whether the attachment defendant owns the property. That fact is affirmed, it is true, by the plaintiff in attachment, and in the proceeding to discharge he is estopped from asserting the contrary. Nor is the issue of fact in such proceeding whether the vendee or pledgee of the attachment defendant has an unimpeachable title or interest in the attached property. Generally, the issue of fact tried on a proceeding to discharge an attachment is directed to the motives which inspired the conduct of the attachment defendant in dealing with his property or in contracting the obligation made the basis of the suit against him to which the attachment is auxiliary. Under our statute the issues in such a proceeding must be either whether the defendant therein was at the time the attachment was issued a non-resident of the state, whether he fraudulently contracted the debt sued on, or whether he had made a fraudulent disposition of his property. Even if he has at the time of the seizure of the property no interest whatever in it, he still has the legal right to resist the attachment for the purpose of preventing a judgment of fraud against him in disposing of the property or in contracting the debt; and if the issue tendered is whether at the time of the issuance of the attachment he is a non-resident, he has a right to litigate that issue, as it goes to the jurisdiction of the court. The judgment of the district court is right and is in all things

AFFIRMED.