REVERSED AND REMANDED.

---

HERMAN KOUNTZE ET AL. V. GEORGE R. SCOTT ET AL.

FILED OCTOBER 20, 1897. No. 6792.

1. **Attachment: MOTION TO DISSOLVE.** One made defendant to an attachment proceeding may move to discharge the same from the whole or any part of the property, notwithstanding the fact that he had disposed of his entire interest in such property prior to its seizure.

2. ———: ———: ESTOPPEL. An attaching plaintiff is estopped to assert that the defendant has not sufficient interest to defend against the attachment. *McCord v. Bowen*, 51 Neb., 247, followed.

3. ——: ——: ORAL EVIDENCE. Section 236, Code of Civil Procedure, does not confer on an attaching plaintiff the right to resist a motion to discharge the attachment by oral evidence. NORVAL, J., dissents.

4. ——: ——: ——. Whether oral evidence shall be used on the hearing of a motion to discharge an attachment is a matter resting in the discretion of the court trying such proceeding. NORVAL, J., dissents.

5. ——: ——: ——. Evidence examined and *held* to support the order of the district court discharging the attachment.

REHEARING of case reported in 49 Neb., 258. *Former decision reversed and judgment below affirmed.*

*W. C. Le Hane* and *George A. Murphy*, for plaintiffs in error.

*Samuel Rinaker*, *R. S. Bibb*, and *G. M. Johnston*, contra.

RAGAN, C. .

This is a proceeding in error to review a judgment of the district court of Gage county dissolving an order of attachment issued at the instance of plaintiffs in the case of Herman Kountze and others against George R. Scott and others, brought in said district court. On the former hearing of this case the judgment of the district court was reversed. (See *Kountze v. Scott*, 49 Neb., 258.) Subsequently a rehearing was granted and the case has been again argued and submitted.

1. Scott and others, while indebted to Kountze and others, transferred part of their property to a man named Bates and part to a man named Cook. Kountze and others then caused this property to be attached upon the ground that such transfer was made for the purpose of defrauding the creditors of Scott and others. The first argument of the plaintiffs in error is that Scott, having transferred his title to the attached property, has no standing in court to be heard to dissolve the attachment. This precise question was presented to. this court in *McCord v. Bowen*, 51 Neb., 247., and it was. there held: "Un-

der section 235 of the Code of Civil Procedure, a defendant may, at any time before judgment, upon reasonable notice to plaintiff, move to dissolve an attachment, and the fact that the attached property does not belong to the defendant, or is encumbered for its full value, does not bar or estop him from filing a motion to discharge." It was further held in said case: "An attaching plaintiff is estopped to assert that the defendant has not sufficient interest to defend against the attachment." To the same effect see *South Park Improvement Co. v. Baker*, 51 Neb., 392. These cases are decisive against the contention of the plaintiffs in error, and expressly rule that one made a defendant in an attachment proceeding may move to discharge such attachment from the whole or any part of the property attached notwithstanding the fact that he had disposed of his entire interest in such property prior to its seizure.

2. On the hearing of the motion to discharge the attachment the plaintiffs in error sought to call and examine witnesses in support of the attachment. The district court refused to permit this to be done, and this is the second assignment of error argued here. Counsel for plaintiffs in error in support of their contention cite us to *Tyler v. Safford*, 24 Kan., 580. In that case the district court on hearing of the motion to discharge the attachment permitted witnesses to be called and examined. Its action in this respect was assigned for error, but the supreme court overruled the exception and held that, whether the district court should have heard oral evidence on the motion to discharge the attachment was a matter discretionary with it. The usual practice in this state is to use affidavits upon the hearing of a motion to discharge an attachment where the motion is not based upon the record or some defect therein. Section 236 of the Code of Civil Procedure provides that where the motion of a defendant to discharge the attachment is supported by affidavits the plaintiff in the attachment may oppose the motion by affidavits or other evidence. But

we do not construe this section as conferring upon an attachment plaintiff the absolute right to resist the motion to discharge by oral evidence. It was a matter for the discretion of the district court whether, on the hearing of this motion to discharge, it would hear oral evidence.

3. The third assignment of error is that the order discharging the attachment is not supported by sufficient evidence. To restate this evidence here would subserve no useful purpose. We have carefully examined it and concur with the district court that the transfer complained of made by Scott and others was not made with a fraudulent purpose. The judgment of the district court is

AFFIRMED.

NORVAL, J., dissenting.

I do not agree to the conclusion reached, and state the grounds for my dissent: The trial court declined to receive oral testimony in resistance of the motion to discharge the attachment. The practice in the different states is not uniform as to the trial of issues raised by a motion for the dissolution of an attachment. In some of the states the evidence is confined to affidavits and counter affidavits; in some, the motion is determined upon oral evidence; and in other states either affidavits or oral testimony may be received. The manner of proof is generally regulated by the statutes, and this is true in this state. By section 236 of the Code of Civil Procedure it is provided: "If the motion be made upon affidavits on the part of the defendant, or papers or evidence in the case, but not otherwise, the plaintiff may oppose the same by affidavits or other evidence, in addition to that on which the order of attachment was made." The contention is that it is discretionary with the trial court whether it will permit oral evidence to be used in resistance of a motion to vacate an order of attachment. It is competent on the hearing of such motion for the plain-

·tiff to introduce affidavits or any other proper evidence. There is nothing in the statute which makes it discretionary with the court whether it will receive oral evidence or exclude it, and we have no right to confer such discretion by judicial interpretation. The language of the statute is, "the plaintiff may oppose the same by affidavits or other evidence," and not "by affidavits or other evidence, in the discretion of the court." The statute gives the litigant the right to determine for himself whether he will use affidavits on the hearing, or take the testimony of witnesses before the court. (*Robinson v. Morrison*, 2 App. D. C., 105; *Hale v. Richardson*, 89 N. Car., 62.)

*Tyler v. Safford*, 24 Kan., 580, does not decide that it is discretionary with the court whether it will allow witnesses to be examined orally on the hearing of a motion to dissolve an attachment. In that case plaintiff presented his own affidavit in support of the attachment, and it was held not erroneous to permit the defendant to cross-examine orally the plaintiff upon the subject-matter of said affidavit. Moreover, that case is based entirely upon *State v. Stackhouse*, 24 Kan., 445, which was a criminal prosecution, and involved the right of the court, independent of any statute, on the hearing of a motion in such case, to permit a witness to be called before it, and examined orally. It was ruled that it was discretionary with the court whether it would allow proofs to be made in that manner or not.

If it be true, as contended, that our statute does not give to a plaintiff in attachment the absolute right to introduce oral testimony upon the hearing of a motion to discharge, but that the mode of proof is confided to the discretion of the trial court, then this cause should be reversed for an abuse of discretion, as will be presently disclosed. The affidavit on which the attachment was issued charged that the defendants transferred their property for the purpose of defrauding their creditors. The motion to discharge put in issue the truthfulness of said

averment, and the testimony relating thereto was very conflicting. There was read, in support of the motion, the affidavit of Walter W. Scott, one of the defendants, which tended to establish the *bona fides* of the sale of the property, and yet the court below refused to allow counsel for plaintiffs to examine orally before the court, the said Walter W. Scott, upon the subject covered by his affidavit. This ruling could not have been otherwise than prejudicial to the rights of plaintiffs, and was diametrically opposed to the practice sanctioned in *Tyler v. Safford*, 24 Kan., 580. The use of affidavits is a very unsatisfactory method of trying an issue of fact, and more especially is this true when the question of fraud is involved, since affidavits frequently are couched in the language of counsel, instead of that of witness, and do not always contain all the facts. An oral examination, in the presence of the court, of Walter W. Scott might have disclosed that the property was transferred with the intent of defrauding creditors. The order vacating the attachment should be reversed.